UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2014 DEC -1  P 4:06
3:14cv1796 (WWE)
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| NELSON VALLE,<br>BRUNILDA VALLECASTRO,<br><br>Plaintiff(s),<br><br>v.<br><br>BENDETT & MCHUGH, P.C.,<br>GREEN TREE SERVICING, LLC.,<br>JANE HAMILTON TORCIA *a natural person,*<br>JOANN FLOYD *a natural person,*<br>ADAM L. AVOLLONE *a natural person,*<br>WILIAM R. MILNE *a natural person,*<br>GERALD A. GORDON *a natural person,*<br>BARBARA M. RIORDAN *a natural person,*<br>STACY R. CHAPMAN *a natural person,*<br>LAUREN JOWERS *a natural person,*<br>MICHELLE RED BEAR *a natural person,*<br>ALLISON IRELAND *a natural person,*<br><br>Defendant(s). | CASE NO:<br><br>15 U.S.C §1692 *et seq.*<br>47 U.S.C §227 *et seq.*<br>C.G.S §42-110 *et seq.*<br><br><br>**VERIFIED COMPLAINT**<br><br><br><br><br>**TRIAL BY JURY REQUESTED**<br><br><br><br>DECEMBER 1st 2014 |

## I. NATURE OF ACTION

*For Our Cause, Plaintiffs Affirm:*

1.1     This is an action for monetary damages and injunctive relief brought by Nelson Valle and Brunilda ValleCastro ("Plaintiffs") against defendants for violations of the Fair Debt Collections Practices Act, *15 USC §1692 et seq.,* ("*FDCPA*" or "*§1692*") the Telephone Consumer Protection Act, *47 USC §227 et seq.,* ("*TCPA*" or "*§227*"), and for violations of the Connecticut's Unfair Trade and Deceptive Practices Act at Conn. Gen. Stat. *§42a-110 et seq.* ("*CUTPA*" or "*C.S.G*")

1.2     This case presents the coordinated effort of a collection agency, collection law firm and its participating employees in collecting on a timely disputed time-bared debt. The collection actions culminated in the use of another entity's identity for the purpose of instituting an unauthorized State Court lawsuit wherein the defendants sought to attain property and/or money without authority to do so.

VERIFIED COMPLAINT
- 1

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

## II. AUTHORITY AND PUBLIC INTEREST

**2.1**   The private enforcement of the statute(s) invoked herein represent the Plaintiffs good faith effort in effectuating congressional intent. **With all its imperfections,** Plaintiffs maintain that this Complaint *(a)* is subject to the liberal standards of a non-BAR licensed attorney.[1] Is *(b)* prepared, pursuant to the Federal Rules of Civil Procedure; as a notice pleading. And *(c)* is private in nature and public in scope to the extent that it serves to aid other least sophisticated consumers and/or private citizens who maybe similarly situated and/or otherwise aggravated by the collection practices of the defendants alleged herein.

**2.2**   Accordingly, the Plaintiffs, have reason to believe that the defendants have engaged in, and will continue to engage in, the unlawful patterns and practices as set forth below.[2]

## III. JURISDICTION AND VENUE

**3.1**   Jurisdiction of this Court arises *(a)* by federal question(s) at *28 U.S.C. §1331*.[3] Under *(b)* *47 U.S.C. §227(b)(3)*; At *(c)* *15 U.S.C. 1692k(d)*; Under *(d)* supplemental jurisdiction at *28 U.S.C. §1367*; Under *(e)* TCPA statute of limitations within 4 years as set forth at *28 U.S.C. §1658(a)*. Under *(f)* FDCPA statute of limitations within 1 year as set forth at *15 U.S.C. §1692k(d)*. Under *(g)* CUTPA statute of limitations within 3 year as set forth at *C.G.S §42-110(g)(f)*.

**3.2**   Venue is *(a)* proper pursuant to *28 U.S.C. §1391b* and *(b)* in that the Plaintiffs reside here in Connecticut.

**3.3**   This court has jurisdiction.

## IV. PARTIES

**4.1**   Plaintiff Brunilda ValleCastro, ("ValleCastro" collectively "Plaintiffs", or "Consumers") is *(a)* a natural person residing in Connecticut; A *(b)* consumer at *FDCPA §1692a(3)*. Was *(c)* alleged to have

---

[1] The paragraphs are indented with *(a)*, *(b)*, etc. so as to allow counsel to admit or deny a portion of a sentence eg. 2.1 admit, 2.1*(a)* denied, etc.

[2] In furtherance, where the issue of consumer protection is central and whereas each defendant alleged herein is a debt collector, then said entity is concurrently under to the enforcement authority of the Consumer Financial Protection Bureau ("CFPB") and the Federal Trade Commission ("FTC") respectively. To the extent that the collection firm alleged herein grosses over $10 million of annual revenue, the CFPB may have the authority to periodically examine their collection patterns and practices under *§1027e* of the Dodd-Frank Act

[3] *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012) See also *Breslow v. Wells Fargo* (citations omitted)

VERIFIED COMPLAINT - 2

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

incurred a consumer debt for personal, family or household purposes ("obligation") at *FDCPA §1692a(5)* by defendants as evidenced in the state action[4]. A *(d)* consumer debtor at *CCCAA §36a-800(2)*.

4.2     Plaintiff Nelson Valle, ("Valle" collectively "Plaintiffs", or "Consumers") is *(a)* a natural person residing in Connecticut. A *(b)* person as defined by *47 U.S.C. §153(10)*; *(c)* A called party[5] at *TCPA §227(b)(1) and §227(d)(3)*; A *(d)* consumer at *FDCPA §1692a(3)*. Was *(e)* alleged have incurred a consumer debt for personal, family or household purposes ("obligation") at *FDCPA §1692a(5)*. A *(f)* consumer debtor at *CCCAA §36a-800(2)* And *(g)* son-tenant, administrator/agent of co-plaintiff currently subjected to the unlawful actions as set forth below.

4.3     Defendant, GREEN TREE SERVICING, LLC., ("GT" or "defendants") is *(a)* a Delaware corporation headquartered at 345 St. Peter #600  St. Paul, Minnesota 55102. Registered *(b)* as a consumer collection agency in Connecticut [6]. Is a *(c)* debt collector at *FDCPA §1692a(6)*; A *(d)* person at *C.G.S §42-110a(3)*. And, upon information and belief, *(e)* not licensed to handle securities-- stocks, bonds, etc,. [7]

4.4     Defendant BENDETT & MCHUGH, P.C., ("BENDETT" collectively "defendants" or "agents") *(a)* is a collection law firm with its address at 160 Farmington Ave, Farmington, CT 06032. Regularly *(b)* sends collection letters and files collection lawsuits in Connecticut state courts. Filed *(c)* such lawsuit against Plaintiff. And also, *(d)* openly promote their collections enterprise online.[8] Upon information and belief, *(e)* not licensed to handle securities -- stocks, bonds, etc,.

4.5     Defendant Jane Hamilton Torcia ("Torcia" or collectively "defendants" or "agents") is *(a)* a natural person *(b)* a debt collector at *FDCPA, 15 U.S.C. §1692a(6)*. Represented herself to Plaintiff as acting on behalf of BENDETT as *(c)* a partner and/or attorney and/or employee (or otherwise material

---

[4] See - http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV146052583S
[5] *Soppet v. Enhanced Recovery Company, LLC.*, 679 F.3d 637 (2012)
[6] http://www.ct.gov/dob/cwp/view.asp?a=2233&q=297872
[7] See – Requirements per Financial Industry Regulatory Authority  ("FINRA") and North American Securities Administrators Association. ("NASAA")
[8] See - *"The Practice Areas and Services offered by our firm...Debt Buyers Program..."* [http://www.bendett-mchugh.com/ ]

VERIFIED COMPLAINT                                              Nelson and Bruni Valle (Castro)
- 3                                                                                      c/o 66 Montowese St.
                                                                                         Hartford, CT 06114
                                                                                         +305.791.8959 phone
                                                                                         rvx22@live.com

accomplice);[9] and/or otherwise *(d)* supervised, controlled, managed, ratified, and/or participated in the debt collection efforts at issue herein. Upon information and belief, *(e)* not licensed to handle securities -- stocks, bonds, etc,.

4.6   Defendant JoAnn Floyd ("Floyd" or collectively "defendants" or "agents") is *(a)* a natural person *(b)* a debt collector at *FDCPA, 15 U.S.C. §1692a(6)*. Represented herself to Plaintiff as acting on behalf of BENDETT as *(c)* a partner and/or attorney and/or employee (or otherwise material accomplice); And/or otherwise *(d)* supervised, controlled, managed, ratified, and/or participated in the debt collection efforts at issue herein. Upon information and belief, *(e)* not licensed to handle securities -- stock, bonds, etc,.

4.7   Defendant Adam L. Avollone ("Avollone" or collectively "defendants" or "agents") is *(a)* a natural person *(b)* a debt collector at *FDCPA, 15 U.S.C. §1692a(6)*. Represented himself to Plaintiff as acting on behalf of BENDETT as *(c)* a partner and/or attorney and/or employee (or otherwise material accomplice); And/or otherwise *(d)* supervised, controlled, managed, ratified, and/or participated in the debt collection efforts at issue herein. Upon information and belief, *(e)* not licensed to handle securities -- stock, bonds, etc,.

4.8   Defendant William R. Milne ("Milne" or collectively "defendants" or "agents") is *(a)* a natural person *(b)* a debt collector at *FDCPA, 15 U.S.C. §1692a(6)*. A *(c)* person at *C.G.S §42-110a(3)*. Represented himself to Plaintiff as acting on behalf of BENDETT as *(d)* a partner and/or attorney and/or employee (or otherwise material accomplice); And/or otherwise *(e)* supervised, controlled, managed, ratified, and/or participated in the debt collection efforts at issue herein. Upon information and belief, *(f)* not licensed to handle securities -- stock, bonds, etc,.

4.9   Defendant Gerald A. Gordon ("Gordon" or collectively "defendants" or "agents") is *(a)* a natural person *(b)* a debt collector at *FDCPA, 15 U.S.C. §1692a(6)*. Represented himself to Plaintiff as acting on

---

[9] Attorneys were included within the FDCPA when Congress found that *"[c]learly, bar associations have failed to fulfill their obligations underlying the premise of the attorney exemption [from the FDCPA]. There is no indication that this is about to change. Having undermined the basis for the exemption, attorneys cannot complain about being brought under the Act."* H.R. Rep. No. 405 at 7, reprinted in 1986 U.S.C.C.A.N. at 1757. See also Congressman Annunzio's statement on the floor of Congress at 131 Cong. Rec. at H10535.

VERIFIED COMPLAINT - 4

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

behalf of BENDETT as *(c)* a partner and/or attorney and/or employee (or otherwise material accomplice); And/or otherwise *(d)* supervised, controlled, managed, ratified, and/or participated in the debt collection efforts at issue herein. Upon information and belief, *(e)* not licensed to handle securities -- stock, bonds, etc,.

4.10    Defendant Barbara M. Riordan ("Riordan" or collectively "defendants" or "agents") is *(a)* a natural person *(b)* a debt collector at *FDCPA, 15 U.S.C. §1692a(6)*. Represented herself to Plaintiff as acting on behalf of BENDETT as *(c)* a paralegal and/or employee (or otherwise material accomplice); And/or otherwise *(d)* supervised, controlled, managed, ratified, and/or participated in the debt collection efforts at issue herein. Upon information and belief, *(e)* not licensed to handle securities -- stock, bonds, etc,.

4.11    Defendant Stacey R. Chapman ("Chapman" or collectively "defendants" or "agents") is *(a)* a natural person *(b)* a debt collector at *FDCPA, 15 U.S.C. §1692a(6)*. Represented herself to Plaintiff as acting on behalf of BENDETT as *(c)* a paralegal and/or employee (or otherwise material accomplice); And/or otherwise *(d)* supervised, controlled, managed, ratified, and/or participated in the debt collection efforts at issue herein. Upon information and belief, *(e)* not licensed to handle securities -- stock, bonds, etc,.

4.12    Defendant Lauren Jowers ("Jowers" or collectively "defendants" or "agents") is *(a)* a natural person *(b)* a debt collector at *FDCPA, 15 U.S.C. §1692a(6)*. A *(c)* person at *C.G.S §42-110a(3)*. Represented herself to Plaintiff as an employee of GT; And/or otherwise *(d)* supervised, controlled, managed, ratified, and/or participated in the debt collection efforts at issue herein. Upon information and belief, *(e)* not licensed to handle securities -- stock, bonds, etc,.

4.13    Defendant Michelle Red Bear ("Red Bear" or collectively "defendants" or "agents") is *(a)* a natural person *(b)* a debt collector at *FDCPA, 15 U.S.C. §1692a(6)*. Represented herself to Plaintiff as an employee of GT; And/or otherwise *(c)* supervised, controlled, managed, ratified, and/or participated in the

VERIFIED COMPLAINT - 5

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

debt collection efforts at issue herein. Upon information and belief, *(d)* not licensed to handle securities -- stock, bonds, etc,.

4.14   Defendant Allison Ireland ("Ireland" or collectively "defendants" or "agents") is *(a)* a natural person *(b)* a debt collector at *FDCPA, 15 U.S.C. §1692a(6)*. A *(c)* supervisor/employee of GT; And/or otherwise *(d)* supervised, controlled, managed, ratified, and/or participated in the debt collection efforts at issue herein. Moonlights or otherwise is registered in the State of South Dakota *(e)* as a notary public. Upon information and belief, *(f)* not licensed to handle securities -- stock, bonds, etc,.[10]

## V. TRADE AND COMMERCE

5.1   Defendant GT has, at all times as described below, performed and engaged in conduct constituting trade and commerce, as those terms are contemplated at *C.G.S §42-110a(4)*.

5.2   Defendants have utilized an overburdened Court as an integral part of their deceptive collection practices.

## VI. ACTS OF AGENTS

6.1   Whenever in this Complaint it is alleged that a particular Defendant or group of defendants [twelve total] did any act, it is meant that: *(a)* the Defendant or group of defendants performed or participated in the act; or *(b)* the Defendant's or group of defendants' officer, agents, attorneys, trustees or employees ("agents") performed or participated in the act on behalf or and under the authority of the Defendant or group of Defendants.

6.2   The agents alleged herein are clustered by a set of operative facts in that each agent has maintained a deceptive narrative that *(a)* they have initiated a collection campaign on behalf of and/or under the authority of an alleged principal – the Bank of New York Mellon ("BNY"). That the *(b)* alleged principal was a real party in interest in the matters they asserted and/or otherwise concealed *(c)* as to the true identity or involvement of the collection agency – GT; to whom sought to materially and unlawfully gain from the acquisition of Plaintiffs' property and/or money.

---

[10] Appeared as Allison Sturis in her communication but since more recently changed her surname.

VERIFIED COMPLAINT
- 6

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

6.3     When it is alleged that the particular agent participated in a collection communication ("communication") it meant that each form or document provided to the Consumers, so as to advance the collection actions material to the campaign herein, stand in apparent contravention to FDCPA *§1692g(b)*, to the extent it [the document(s)] allege its origin, directive or control as originating from BNY or on behalf and or authority of BNY (all the communications do), therein the agents apparently violate FDCPA *§1692e(10) or -f.*

## VII. FACTUAL ALLEGATIONS - GENERAL

7.1     At all times material, upon information and belief the agents allege they are collecting on an obligation responsive to a consumer transaction secured by real property originating on or about <u>March 2005</u> [11] And **permanently** affixed to a securitization instrument as of the same year which appears to be the recent subject of a historic Fraud Settlement.[12]

7.2     On or about <u>September of 2007</u>, according to Countrywide, Plaintiffs' alleged note was represented as in "default" never reinstated and treated as such thereafter.

7.3     On or about <u>November 12th 2011</u>, Consumers sent BNY a validation/verification ("VoD") request per FDCPA *§1692(g)* at their address at 101 Barclay Street - 4W New York, NY 10286.

7.4     BNY never responded to Consumers VoD request.

7.5     The agents knew or should have known that, on or about <u>October 1st 2012</u>, BNY no longer maintained any interest it **presumably** had in Plaintiffs' property.

7.6     On or about <u>October 1st 2012</u>, and hence forward, GT represented to the Consumers that they were collecting on behalf of BNY in the capacity of a "servicer" after said obligation was in default.

7.7     In communication(s) prior to the state action, GT, as an "agent" of BNY, represented themselves

---

[11] A note that appears to be part of a mortgage pool held in a trust as collateral for a mortgage-backed security that was sold in the secondary market by Countrywide. A practice the recent subject in US Attorney General Holder's **$16.65 Billion Dollar Fraud settlement**. See - http://www.stopfraud.gov/iso/opa/stopfraud/DC-1408211.html ("We are here to announce a historic step forward in our ongoing effort to protect the American people from financial fraud – and to hold accountable those whose actions threatened the integrity of our financial markets and undermined the stability of our economy. The Department of Justice has reached an agreement with Bank of America totaling over $16.6 billion in penalties and consumer relief. This constitutes the largest civil settlement with a single entity in history, addressing conduct uncovered in more than a dozen cases and investigations. And it addresses allegations that Bank of America, Merrill Lynch, and Countrywide each engaged in pervasive schemes to defraud financial institutions and other investors in structured financial products known as residential mortgage-backed securities, or RMBS.") - **US Attorney General Eric Holder** (September 1st 2014)

[12] References a wall street commitment on paper and/or an electronic media that never reached paper.

VERIFIED COMPLAINT - 7

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

to Consumers as both a "debt collector" and "creditor".

7.8     On or about <u>July 23rd 2014,</u> a lawsuit was initiated in the Connecticut Superior Court in Hartford.

7.9     At all times material, as recent as <u>September 2nd 2014</u> and again confirmed by Plaintiffs on <u>November 28th 2014,</u> responsive to a CFPB investigation, BNY affirmed to both the CFPB and the Consumer that they **do not** *(a)* own the alleged loan nor the Plaintiffs' property. That BNY **does not** *(b)* have **any say** on how the Plaintiffs' property is disposed. And upon **their investigation** [BNY's], the Consumers [herein Plaintiffs] should *(c)* seek assistance from a "servicer" that as per **their** database **was not** GT. Nor did they *(d)* **affirm their [BNY's] right to collect.**

7.10    Happily, the agents continued on with their pretenses [of BNY's involvement] as set forth below in *Counts II - IV* and continued with their, what appears to be, unlawful/deceptive collection.

7.11    The agents' actions have caused great confusion on the Plaintiffs and was preceded with over 20 mailings wherein the consumer made disclosure request – FDCPA, TILA, RESPA, milestones, etc., (without success) so as to determine the legitimacy of a demanding party's money/information requests and the ambit of their authority.

## VIII. COUNT I

### Violation of the TCPA §227 by GT's *Phone Calls*

8.1     Plaintiff reincorporates all preceding paragraphs.

At all time material, Valle received GT's call at cell phone number 860-xxx-4993.

8.2     At all time material, GT originated call(s) from phone numbers 615-851-3423 and/or 615-851-3428 and/or 615-851-3429 and/or 615-851-3430 and/or 615-756-3165 and/or 615-756-3168 and/or 615-756-3171 and/or 615-756-3175 and/or 615-756-3178 and/or 615-756-3187.

8.3     All of GT's calls, as alleged herein, utilized automatic telephone dialing system ("**ATDS**") capable equipment.[13]

---

[3] *Id.* § 227(a)(1). The Federal Communications Commission ("FCC") slightly altered this definition in its regulations. The FCC determined that 'equipment that dials a list of numbers (such as a business's list of customers), rather than dials random or sequential numbers, is still an ATDS, because 'the basic function of such dialing equipment' is the same—'the capacity to dial numbers without human intervention.'" *Gragg v. Orange Cab Co.*, No. C12-0576RSL, 2013 WL 1788479, at *2 (W.D. Wash. Apr. 26, 2013) (quoting Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 73 Fed. Reg. 6041, 6042 (Feb. 1, 2008)).

VERIFIED COMPLAINT - 8

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

8.4     As a matter of policy, GT's natural course of phone communications are <u>not</u> TCPA compliant.

8.5     GT causes Valle's cell phone to ring – ("*on or around date*" *["at or about time"]* <u>**all in 2013**</u> ) incorporated to each of the following -

(a) February 7th [1:50 PM]    (b) March 15th [3:02 PM]    (c) March 25th [4:56 PM]    (d) March 28th [4:01 PM]
(e) March 29th [7:35 PM]    (f) April 9th [5:22 PM]    (g) April 12th [1:43 PM]    (h) April 19th [9:47 AM]

8.6     GT does not offer an automated opt out within <u>any</u> of their communication.

8.7     GT's communications delivered *(a)* no responsive human interaction within a few seconds upon picking up and/or *(b)* provided a prerecorded announcement along the lines of, *"This call may be recorded..."*.

8.8     GT is liable for any action(s) of its employees committed within the scope and line of their employment.

8.9     Plaintiffs contend that GT's phone records will reflect several other violative calls to Valle.

8.10    Valle has never given GT prior invitation or written permission to call him on his cell phone.[14]

8.11    Valle has never given GT expressed invitation or permission (written or otherwise) to call him on his cell phone.

8.12    GT's communications were not an emergency.

8.13    In their communication efforts, GT appears to violate *(a)* the TCPA, *§227 (b)(1)(a)(iii)* and *(b)* has demonstrated a conduct that a reasonable person would find unfair.

## IX.  <u>COUNT II</u>

Violation of the FDCPA §1692d, -e, -f and -g(b), by Defendants July 23rd 2014 State Court Filing

9.1     Plaintiff reincorporates all preceding paragraphs.

9.2     On or about <u>July 23rd 2014</u>, agents filed a lawsuit.[15]

---

[14] Nor has Co-Plaintiff.
[15] See - http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV146052583S (Last visited November 21st 2014)

VERIFIED COMPLAINT                                              Nelson and Bruni Valle (Castro)
- 9                                                             c/o 66 Montowese St.
                                                                Hartford, CT 06114
                                                                +305.791.8959 phone
                                                                rvx22@live.com

9.3  At all times material agents affirm, that since October 27th 2011, after said obligation in default, BNY "became the party entitled to collect the debt"[16].

9.4  The lawsuit appears to be communication as said term is defined at FDCPA §1692(a)2.

9.5  Defendants BENDETT, GT, Torcia and Floyd participated in this communication, in whole or in part, evidenced by their names appearing on said lawsuit.

9.6  The agents alleged the plaintiff was BNY.

9.7  Agents lawsuit appear to be barred at FDCPA §1692g(b), to the extent the communication avers to BNY's involvement appears to violate FDCPA §1692e(10) or -f.

9.8  Agents lawsuit appear to be barred by statute limitations therein violating FDCPA §1692e(5).[17]

9.9  Agents action commenced an action almost 7 years after the Consumer was alleged to have defaulted in hope that the Consumers would not have responsive documentation available to properly assert their rights as in this case and as such appears unfair at FDCPA §1692d.

9.10  On or about July 27th, 2014, agents filed a document into the State Court in the aforementioned lawsuit.[18]

9.11  Defendants Red Bear and Ireland, participated in this communication [July 27, 2014], in whole or in part, evidenced by their names appearing on said affidavit.

9.12  Defendant Red Bear's name appears as an undersign in said instrument.

9.13  Defendant Ireland' name appears as a notary public whose commission expires on September 19 of 2017.

9.14  The "affidavit" [ July 27th, 2014] appears to be communications within the meaning of the FDCPA §1692(a)2.

---

[6] See – **Dkt. 112 Ex.A ¶4** *Affidavit of Lauren Jowers*

[7] *Kimber v. Federal Fin. Corp.*, 668 F. Supp. 1480 , 1487 (M.D. Ala 1987). See also *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767 (8th Cir..2001) Citing *Kimber* approvingly ; *McCollough v. Johnson, Rodenberg & Lauinger*, 610 F. Supp. 2D 1247 (D.Mont 2009), aff'd _ F.3d _, 2011 WL 746892 (9th Cir. Mar. 4 2011) ("The inescapable conclusion is that [the debt collection attorney ] asked a pro se defendant to admit false information. The requests for admission appear to be designed to conclusively establish each element of [the collection law firm] case against [the consumer] and to use the power of the judicial process against a pro se defendant to collect a time-barred debt. This conduct is abusive, unfair and unconscionable."); K.2.5.8, Infra"

[8] See - *Affidavit Federal Loss Mitigation Programs* (Dkt. # 101.00)

VERIFIED COMPLAINT
- 10

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

9.15    On or about October 29, 2014 and November 4, 2014, agents filed five documents into the State Court in the aforementioned lawsuit.[19]

9.16    The five submitted document appear to be communications within the meaning of the FDCPA §1692(a)2.

9.17    Defendants BENDETT, GT, Avollone, Gordon, Jowers and Riordon participated in this communication [October 29, 2014], in whole or in part, evidenced by their names appearing on said documents.

9.18    On or about November 6th 2014, agents sent Plaintiffs a letter averring to a hearing in which BENDETT requested an oral argument the responsive to Consumer's *Rule12(b)1* challenge.

9.19    Defendant Chapman participated in this communication [November 6th 2014], in whole or in part, evidenced by her name appearing on said documents.

9.20    The agents state action employed a remedy [enforcement of a security instrument] relegated to a creditor wherein each participant was a debt collector and where no authorization by any creditor was present appearing to violate FDCPA *§1692e(5)*.

9.21    Agents knew or should have known that the communications on October 29th 2014 and November 4th 2014 ("filings) on behalf of BNY, were barred by statute at FDCPA *§1692g(b), -e(10)*.

9.22    The agents averred for attorney fees that has not yet been incurred and through which would not have been incurred had the unlawful/unauthorized state action not been commenced appearing to violate FDCPA *§1692e(2), -f* or *-f(1)*.

9.23    Agents utilized the name of BNY to commence their collection action when they knew or should have known BNY currently had no interest in the Plaintiffs' property appearing to violate FDCPA *§1692e(10)*.

9.24    Agents utilized the name of BNY to commence their collection action appearing to violate FDCPA *§1692e(14)*.

---

[19]  See- *Motion for Extension of Time* (Dkt. #108), *Affidavit of Compliance with EMAP* (Dkt. #109), *Objection To Motion* (Dkt. #110), *Memorandum in Support of Motion* (Dkt. #111) and *Affidavit* (Dkt. #112).

VERIFIED COMPLAINT - 11

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

9.25  GT's involvement in the collection activities as alleged herein concurrently appears to violate the CCCAA §36a-805a -(3).[20]

9.26  To the extent that GT has used BNY's name to initiate judicial intercourse, appears to concurrently violate the spirit, if not the letter, of the true name provision at the CCCAA §36a-801(c).

9.27  The agents filings were communications to a person (a state court) yet nowhere within their communications did they aver that the alleged obligation was in dispute therein appearing to violate FDCPA §1692e(8).

9.28  GT assumed the authority of a creditor in employing BENDETT where no such creditor authorized in writing to act as said creditor's agent therein apparently violating CCCAA §36a-805a(4).

9.29  Agents utilized a deceptive form by a known felon in attempting to disable Consumers' property which was known or should have been known by them.

9.30  As a direct and proximate result of the agents collection activities, Plaintiffs have suffered actual damages including but not limited to substantial stress, mental anguish, anxiety, anger, dizziness and insomnia.

9.31  A violation of state law is a violation of CUTPA and the FDCPA.[21]

9.32  In their communication/collection efforts, the defendants appear to violate the FDCPA §1692d, g(b), e, -e(2), -e(5), -e(8), -e(10), -f, -f(1) and CCCAA §36a-805a(3), -(4) and has demonstrated a conduct that a reasonable person would find unfair and/or deceptive.

## X. COUNT III

### Violation of the FDCPA §1692g(b), -e and/or -f by Defendants Pay-Off Letter

10.1  Plaintiff reincorporates all preceding paragraphs.

10.2  On or about August 11th 2014, Consumers filed a Notice of Dispute.

---

[20] All individuals employed on the staff of a licensed consumer collection agency as well as members of the Connecticut bar are exempt from the definition of a Consumer Collection Agency at *CCCAA §36a-800(a)(1)(a)* and *-(d)* respectively. *ie* Nine out of the twelve defendants alleged in this Complaint.

[21] See - *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 448 (8th Cir. 2001) ("The FDCPA prohibits, inter alia, the use of debt collection practices that violate state law."); *Gaetano v. Payco*, 774 F. Supp. 1404, 1415 & n.8 (D. Conn. 1990) (violation of the Consumer Collection Agency Act, now codified at Conn. Gen. Stat. §36a-800).

VERIFIED COMPLAINT - 12

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

10.3     On or about <u>October 13th 2014,</u> agents responded to said dispute with a pay-off quote ("PoQ").

10.4     Agents Milne and Avollone participated in this [<u>October 13th 2014</u>] communication, in whole or in part, evidenced by their names appearing on said documents.

10.4     The agents PoQ stated that, *"This letter will serve our client's response to said request...[BNY] is currently the party entitled to collect the debt under the Note and enforce the Mortgage and is in possession of the original loan documents, which they have forwarded to our office for collection... Enclosed please find a payoff statement which includes a breakdown of the charges owed on the account."*

10.5     The agents PoQ averred to Consumers that, *"interest due = $32,582.20...[and]... Legal fees and costs through today's date [October 13th 2014] = $3,086.38".*

10.6     Agents PoQ inclusive of an alleged note and security instrument copies, do not appear to be proper validation in that among other things, the Consumers' were not provided dated payments history therein appearing to violate *FDCPA §1692g(b)* and to the extent they aver their client was/is BNY, apparently violate *FDCPA §1692e(10)* or *-f*.

10.7     Agents allege interest that has accrued after they concurrently maintain the "loan" was called in [accelerated and defaulted and presumably sold after default] therein appearing to violate FDCPA *§1692e(2), -f* or *-f(1)*.

10.8     Agents allege legal fees that were not yet incurred and would not have incurred had the action that they were barred from filing at FDCPA *§1692g(b)* therein appearing to violate FDCPA *§1692e* or *-f*.

10.9     Agents allege legal fees that were due on an action that they were barred from filing by way of statute of limitations at FDCPA *§1692e(5)* therein appearing to violate FDCPA *§1692e* or *-f(1)*.

10.10    Agents provided a PoQ in anticipation of further violating Consumers' rights by maintaining an action in state court without the authorization from a real party-in-interest therein appearing to violate FDCPA *§1692e(5)*.

10.11    In their communication/collection efforts, the defendants appear to violate the FDCPA

VERIFIED COMPLAINT - 13

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

*§1692g(b), e, -e(2), -e(5), -e(10), -f, -f(1)* and has demonstrated a conduct that a reasonable person would find unfair and/or deceptive.

## XI. COUNT IV

### Violation of the CUTPA §42-110 By GT

**11.1**   Plaintiff reincorporates all preceding paragraphs.

**11.2**   At all times material GT's conducts the following acts against and to the detriment of Consumers that appear to be deceptive, unscrupulous and/or offensive to public policy -

*a.* Utilized the pretense of servicing on behalf of BNY [evidenced in their employee Jowers], where no such principal-agent relationship existed.

*b.* Solicited payment demands where no such demands were authorized by BNY.

*c.* Solicited payment demands in form of interest due where such accrued interest was not due, owing or lawful.

*d.* Solicited a payment demand of *$3,086.38* that was not permitted by law or contract.

*e.* Utilized a deceptive form by a known felon in attempting to disable Consumers' property which was known or should have been known by them.

*f.* Took a legal action under the pretense of a participating creditor where no such creditor existed.

*g.* Took a legal action barred by statute(s)--federal and state.

*h.* Directed an action, though Jowers, Red Bear and Sturis from locations [Texas and South Dakota offices] other than one(s) licensed with the State of Connecticut according to the CT Department of Banking [dully licensed to act from Ohio and Arizona offices] as evidenced in the notary affixations, therein appearing to frustrate public policy specifically the true location provision at CCCAA *§36a-801c.*[22]

*i.* Changed consumers insurances, without authorization, and benefited therein from said

---

[22]   See CT Dept. of Banking licenses **#29209** and **#28878** respectively; http://www.ct.gov/dob/cwp/view.asp?a=2233&q=297872 (last visited November 30th 2014)

VERIFIED COMPLAINT - 14

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

changes.

*j.* Unlawfully commenced the collection action, as alleged herein, in the name of another party.

*k.* Confused Consumers by representing themselves as both "servicer" and "mortgagee" both appear untrue.

*l.* Put Consumers in risk of losing their home through their unlawful/unauthorized collection campaign.

*m.* Utilized a deceptive form by a known felon in attempting to disable Consumers' property which was known or should have been known.

11.3    As a direct and proximate result of the agents collection activities, Consumers has sustained loss including but not limited to costs incurred in responding to agents unlawful suit, forced insurance premiums, missed employment days, etc.

11.4    In their communication/collection efforts, the defendants appear to violate the CUTPA *§42-110(b), -(a)* and a reasonable person would find unfair oppressive, unscrupulous and/or deceptive.

## XII. NOTICE

12.1    In compliance with *C.G.S §42-110g(c)*, copies of this Complaint have been sent to both the Attorney General and the Commissioner of Consumer Protection.

12.2    It appears probable that GT has commenced the collection actions alleged herein in a name other then their own to avoid further pending scrutiny after their part in a **twenty billion dollar settlement** with federal regulators and 49 state attorneys for their elicit collection practices and pending enforcement action from the CFPB.[23]

12.3    The Plaintiffs have reason to believe that the policies – whether articulated or unspoken – and pattern of practices alleged herein by both GT and BENDETT have critically impacted and irreparably harmed untold families in Connecticut on a massive scale. However, it would appear only a

---

[23] See – http://www.nationalmortgagenews.com/news/servicing/green-tree-servicing-fails-mortgage-settlement-tests-banks-pass-1041775-1.html and also http://www.housingwire.com/articles/27936-cfpb-sets-enforcement-sights-on-green-tree (last visited November 24th 2014)

VERIFIED COMPLAINT - 15

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

comprehensive audit of each entities collection practices can determine with reasonable certainty, such impact--if any, and to what extent.[24]

### XIII. PRAYER

13.1   *Relief Requested,* by Plaintiffs include -

   *a.* Monetary damages of $500 pursuant to TCPA *§227(b)(3)(B)* per violation.

   *b.* Treble damages of $1500 per violation pursuant to TCPA *§227(b)(3)(C)* per violation after the first call.

   *c.* Adjudging each defendant a debt collector.

   *d.* Adjudging, with uncompromising articulation, that the mere attempt to steal real property by way of judicial intercourse is both oppressive and unconscionable within the meaning of the FDCPA.

   *e.* Monetary damages of $1,000 pursuant to FDCPA *§1692k* per liable defendant.

   *f.* Monetary damages of $5,000 pursuant to CUTPA *§42-110(g)(a)* per liable defendant.

   *g.* Actual Damages equaling the amount unlawfully sought in State Court per liable defendant as a matter of equity.

   *h.* Actual Damages for emotional distress per liable defendant to be determined by the jury.

   *i.* Punitive Damages pursuant to CUTPA *§42-110g(a)* per liable defendant to be determined by the Court.

   *j.* An injunction enjoining agents to cease violating the rights and property of the Consumers.

   *k.* An injunction enjoining defendant GT to cease violative communications outside of the mandates prescribed by the TCPA.

   *l.* Attorneys fees and costs, as they may bare, pursuant to the FDCPA/CUTPA.

   *m.* Any such further relief as the Court may deem just, right and equitable under the circumstance

### XIV. DEMAND FOR JURY TRIAL

14.1   Plaintiffs hereby respectfully requests a trial by jury of all issues so triable as a matter of law.

---

[24] Particularly retention contracts that disclose the true clients, pre-litigation documents responsive to issues of standing for the purposes of instituting civil suits and consumer indebtedness representations for purposes of consumer verification. (to name a few)

VERIFIED COMPLAINT - 16

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

Signatures

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*[signature]*

*[signature]*

VERIFIED COMPLAINT
- 17

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

## ACKNOWLEDGEMENT

State of Connecticut    )
                        ) ss
County of Hartford      )

On 12/1/14, before me, Lori J Magora, notary public in and for Hartford County, State of Connecticut, personally appeared Nelson Valle, who proved to me on the basis of satisfactory evidence to be the party whose name is subscribed to the within instrument and acknowledges to me that Nelson Valle, set forth the contents hereof in authorized capacity, and that by signing the instrument Nelson Valle, hereby executes the instrument.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

1. I am a Plaintiff in this civil proceeding.
2. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
3. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.
4. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I certify under penalty of perjury under *28 U.S.C. § 1746(2)* and the laws of the State of Connecticut that the foregoing paragraph is true and correct.

_____

Witness my hand and official seal:        **NOTARY PUBLIC SEAL**

_Lori J Magora_
**NOTARY PUBLIC SIGNATURE**
My commission expires  9-30-2015

VERIFIED COMPLAINT
- 19

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

## ACKNOWLEDGEMENT

State of Connecticut   )
                       ) ss Hartford
County of Hartford     )

On 1st December, 2014, before me, Lori J. Magora, notary public in and for Hartford County, State of Connecticut, personally appeared Brunilda ValleCastro, who proved to me on the basis of satisfactory evidence to be the party whose name is subscribed to the within instrument and acknowledges to me that Brunilda ValleCastro, set forth the contents hereof in authorized capacity, and that by signing the instrument Brunilda ValleCastro, hereby executes the instrument.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

1. I am a Plaintiff in this civil proceeding.
2. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
3. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.
4. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I certify under penalty of perjury under *28 U.S.C. § 1746(2)* and the laws of the State of Connecticut that the foregoing paragraph is true and correct.

*/s/ Brunilda Valle Castro/*

Witness my hand and official seal:        **NOTARY PUBLIC SEAL**

*/s/ Lori J Magora/*
NOTARY PUBLIC SIGNATURE
My commission expires 9/30/2015

VERIFIED COMPLAINT
- 18

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com