UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NELSON VALLE, ET AL ) | |
|     Plaintiffs ) | |
| ) | CASE NO.: 3:14-CV-01796-WWE |
| v. ) | |
| ) | |
| BENDETT & MCHUGH, PC, ET AL ) | |
|     Defendants ) | December 23, 2014 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

      Defendants Bendett & McHugh, PC ("BMPC"); Jane Hamilton Torcia; JoAnn Floyd; Adam L. Avallone; William R. Milne; Gerald A. Gordon; Barbara M. Riordon; and Stacey R. Chapman; (the "Bendett Defendants") have respectfully moved this court, pursuant to Fed.R.Civ.P. 12(b)(1) and (6), to dismiss counts 2 and 3 of the complaint filed by Nelson Valle and Brunella Valle-Castro (the "Plaintiffs"), both of which sound in violation of the Fair Debt Collection Practices Act (the "FDCPA"). Neither count alleges, nor can it, facts sufficient to support a claim against the Bendett Defendants. Thus, both counts should be dismissed for failure to state a claim upon which relief may be granted. The Bendett Defendants have respectfully submitted this court with this memorandum of law in support of this motion. Under the facts alleged and the standard for motions to dismiss, the court should grant this motion to dismiss.

**I. BACKGROUND.**

      By writ, summons and complaint, dated July 15, 2014, BMPC, on behalf Of The Bank Of New York Mellon FKA The Bank Of New York As Trustee For The Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-4 ("Foreclosure Plaintiff"), commenced a foreclosure action (the "Foreclosure Action") in

1

the Connecticut superior court in which Plaintiff Brunilda Valle Castro is a defendant. The Foreclosure Action bears docket number HHD-CV-14-6052583-S and is referenced in paragraph 9.2, footnote 15, of Plaintiffs' complaint. A print of the docket as it appears on the State of Connecticut Judicial Webpage is attached hereto as exhibit A[1]. The state court complaint is attached as exhibit B, and the summons is attached as exhibit C. Defendant Jane Hamilton Torcia signed said summons and complaint. Defendant JoAnn Floyd's name appears on the summons as "Person recognized to prosecute in the amount of $250.00." Upon information and belief, these two defendants are included as defendants in this matter solely because of these pleadings. The summons and complaint allege that Plaintiff Brunilda Valle Casto signed a note (the "Note") and mortgage (the "Mortgage") and that the same are in default by virtue of nonpayment of monthly installments of principal and interest. The summons and complaint further allege that the Foreclosure Plaintiff is entitled to collect the debt evidenced by the note and enforce the mortgage.

As part of the foreclosure process, BMPC, on behalf of the Foreclosure Plaintiff, filed an affidavit, required by Conn. Gen. Stat. § 8-265ee(a), attesting to compliance

---

[1] In connection with this motion to dismiss, the Bendett Defendants request that the court take judicial notice of the records and pleadings in the foreclosure action. The court may take judicial notice pursuant to the Federal Rules of Evidence § 201. It is appropriate to take judicial notice when considering a motion to dismiss. "[W]here public records that are integral to a . . . complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). The pleadings attached to this motion are precisely the type of public record the court may judicially notice. *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." (citation omitted)) Judicial notice does not require that this motion be considered under Fed. R. Civ. P. 56.

with the notice provisions of Connecticut Emergency Mortgage Assistance Program. A copy of the affidavit is attached as Exhibit D. The affiant was Barbara Riordan, and upon information and belief this affidavit is the sole reason Plaintiffs named her in this action. Defendant Gerald Gordon certified that affidavit had been sent to Defendants as required by Connecticut Practice Book §§10-12 through 10-17. Upon information and belief, Defendant Gerald A. Gordon is only included in this action because his name appears on the EMAP affidavit.

    On or about August 11, 2014, Plaintiff Brunilda Valle Castro filed a notice (the "Notice") in the Foreclosure Action, that she was requesting, pursuant to 15 U.S.C. § 1692g, a validation of the Foreclosure Plaintiff's debt. (See Exhibit A, Entry No.: 104.00)  A copy of the Notice is attached as Exhibit E. On behalf of the Foreclosure Plaintiff, Defendant Adam Avallone and Defendant William Milne prepared a response (the "Response"). Upon information and belief, the only reason that William Milne has been included as a Defendant in this matter is because his name appears on the Response. Upon information and belief, the only reason that Defendant Adam Avallone has been included in this matter is because of the various court filings and the Response. The Response provided the amount of the debt (Complaint, paragraph 10.5), the name of the creditor (Complaint, paragraph 10.4), and copies of the note and mortgage (Complaint, paragraph 10.6). Plaintiffs in this Federal Action allege that the Response is non-compliant because it does not include a "dated payments history" (Complaint, paragraph 10.6), included legal fees that were barred (Complaint, paragraph 10.8), and include the identity of a creditor that was not the "real party-in-interest" (Complaint, paragraph 10.10). In fact, the allegations in the complaint show

that the Bendett Defendants have fully complied with the FDCPA with regard to the validation of the debt.

On or about September 19, 2014, Plaintiff Brunilda Valle Castro filed a motion to dismiss the Foreclosure Action.  (See Exhibit A, Entry No.:  107.00).  The Foreclosure Plaintiff filed an objection. (See Exhibit A, Entry No.:  110.00).  The objection was signed by Defendant Adam Avallone.  On December 10, 2014, the state court (Vacchelli, J.) denied the motion to dismiss and sustained the Foreclosure Plaintiff's objection.  (See Exhibit A, Entries Nos:  107.86 and 110.87).  Thus, by denying Plaintiff Brunilda Valle Castro's motion to dismiss ("Foreclosure Motion to Dismiss") in the Foreclosure Action, the state court has already determined that there is no merit to the allegation in paragraph 9.23 of the complaint that the Bendett Defendants "knew or should have known BNY currently had no interest in the Plaintiff's property . . . ."

A required by Connecticut procedure, the Bendett Defendants, as attorney for the Foreclosure Plaintiff, had to notify Plaintiff Brunilda Valle Castro of the hearing on the motion to dismiss.  The Bendett Defendants did that by letter dated November 5, 2014, which was signed by Defendant Stacey Chapman.  Upon information and belief, the only reason Stacey Chapman is a Defendant is because her name appears on that letter.

Conspicuously absent from any allegation with respect to the Bendett Defendants is any allegation that would include Plaintiff Nelson Valle.  There is no allegation that he signed the Note and Mortgage.  Further, there is no allegation that any entity is trying to collect from Plaintiff Nelson Valle any amount based on the Note and Mortgage.  In addition, Plaintiff Nelson Valle is not a party in the Foreclosure action.

4

Based on the above facts and the standard for motions to dismiss, the court should grant this motion and overrule any objection by Plaintiff Nelson Valle or Plaintiff Brunilda Valle Castro (collectively the "Plaintiffs") .

## II.  ARGUMENT.

The Bendett Defendants have moved this court to dismiss this action for failure to state a claim upon which relief can be granted.  None of the facts alleged in counts 2 and 3 of the complaint amount to a violation of the FDCPA.  As a result, the motion should be granted, and any objection denied.

### A.  Standard of Review for Motions to Dismiss Based

To survive a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(1), the complaint must provide facts that establish that the court has jurisdiction.  "It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted). In that regard, "a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (internal quotation marks omitted); *accord Solowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013).

The "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In resolving a Rule 12(b)(1) motion to dismiss, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of

5

[the] plaintiff, but jurisdiction must be shown affirmatively, and that showing [may] not [be] made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citation and quotation marks omitted). Moreover, "[w]here subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings, including affidavits." *DeBoe v. Du Bois*, 503 F. App'x 85, 86 (2d Cir. 2012) (summary order).

To defeat a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) the complaint must state more than legal conclusions. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In addressing the sufficiency of a complaint, the court must accept as true all factual allegations and draw from them all reasonable inferences in favor of the pleader, but the court is not required to credit conclusory allegations or legal conclusions couched as factual allegations. *Nielsen v. Rabin*, 746 F.3d 58,62 (2d Cir. 2014). A sufficiently pled complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The Court must accept all factual allegations in the complaint as true, but is "not bound to accept as true legal conclusion couched as factual allegation." *Iqbal*, 556 U.S. at 678

6

(quoting *Twombly,* 550 U.S. at 555). Legal conclusions must be supported by factual allegations. *Iqbal,* 556 U.S. at 678; *Pension Ben. Guar.*, 712 F.3d at 717.

In this matter, the complaint cannot survive a motion to dismiss as the complaint fails to allege any actual violation of the FDCPA.  Specifically, this motion should be granted because Plaintiff Nelson Valle has not alleged any actual case and controversy with any Bendett Defendant, the Bendett Defendant's actions do not fall under the FDCPA, and even if the Bendett Defendants' activities are regulated by the FDCPA, the complaint establishes that the Bendett Defendants have complied with the FDCPA.

**B.  The Counts 2 and 3 should be dismissed as to Plaintiff Nelson Valle.**

The Bendett Defendants have not communicated with Plaintiff Nelson Valle in any manner.  Therefore, to the extent that any of the claims include Plaintiff Nelson Valle, those claims should be dismissed.  "Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restrict the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013); *see also Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982) ("The requirements of Art. III are not satisfied merely because a party requests a court of the United States to declare its legal rights, and has couched that request for forms of relief historically associated with courts of law in terms that have a familiar ring to those trained in the legal process.").

"As an incident to the elaboration of this bedrock requirement," a plaintiff seeking to maintain an action in federal court is "always required" to have standing. *Valley Forge*

*Christian College*, 454 U.S. at 471; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("One of those landmarks, setting apart the 'Cases' and 'Controversies' that are the justiciable sort referred to in Article III — serving to identify those disputes which are appropriately resolved through the judicial process — is the doctrine of standing." (internal citation and quotation marks omitted)). To that end, the issue of standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Kiryas Joel Alliance v. Vill. of Kiryas Joel*, 495 F. App'x 183, 188 (2d Cir. 2012) (summary order).

None of the allegations in counts 2 and 3 involve an interaction between the Bendett Defendants and Plaintiff Nelson Valle.  Only Plaintiff Brunilda Valle Castro is a defendant in the Foreclosure Action.  Any and all communication alleged in counts 2 and 3 were to Plaintiff Brunilda Valle Castro, none were to Plaintiff Nelson Valle.  As the Supreme Court established in *Lujan*, "the irreducible constitutional minimum of standing contains three elements":

> First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

504 U.S. at 560 (internal citations and quotation marks omitted). The "[s]tanding doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167,

8

192, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000); *see also Genesis Healthcare Corp.*, 133 S. Ct. at 1528 ("This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved."). In accordance with this precept, a plaintiff must establish standing for each claim and form of relief sought. *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010). In addition, standing "'must exist at the commencement of litigation.'" *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008) (citation omitted).

In this matter, Plaintiff Nelson Valle has not pled, nor can he, that he has been aggrieved by any of the alleged actions of the Bendett Defendants. Each of the allegations pertains to "communications" to Plaintiff Brunilda Valle Castro. Thus, to the extent Plaintiff Nelson Valle alleges he has a claim against the Bendett Defendants, those claims should be dismissed under Fed.R.Civ.P. 12(b)(1) because he has not alleged that he has suffered any injury from the Bendett Defendants.

### C. The FDCPA Does Not Apply to Foreclosures.

Both count 2 and count 3 concern actions in a state court foreclosure suit. Courts in this jurisdiction have recognized that foreclosures in Connecticut are heavily regulated. As such, any application of the FDCPA is limited in the Connecticut foreclosure process because the protections in the Connecticut foreclosure process exceed the protections offered by the FDCPA. At least one district court judge found that actions associated in furtherance of a foreclosure action do not fall under the protection of the FDCPA.

> However, the Court questions whether in view of the legislative purposes underlying the FDCPA that the filing of a state foreclosure proceeding

9

> constitutes the type of abusive debt collection practices proscribed by the FDCPA. It is also unclear to this Court that the purposes of the FDCPA would be furthered by applying the FDCPA to state foreclosure proceedings considering the panoply of protections and safeguards available to parties of a foreclosure action under Connecticut law.
>
> The Second Circuit recently considered a similar question regarding whether the FDCPA applied to filing a proof of claim in bankruptcy court and held that filing a proof of claim "cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action." *Simmons v. Roundup Funding, LLC, 622 F.3d 93, 95 (2d Cir. 2010)*. In coming to this conclusion the Second Circuit stressed that "'[c]ongress acted with the aim of eliminating abusive practices in the debt collection industry, and also sought to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. These purposes inform the FDCPA's many provisions.'" *Id.* (quoting *Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 89 (2d Cir.2008))*. The Second Circuit also explained that the FDCA was "'was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life.'" *Id.* (quoting *Mace v. Van Ru Credit Corp., 109 F.3d 338, 343 (7th Cir. 1997))*.
>
> The Second Circuit reasoned that "'[d]ebtors in bankruptcy proceedings do not need protection from abusive collection methods that are covered under the FDCPA because the claims process is highly regulated and court controlled. While the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers.'" *Id.* (quoting *B-Real, LLC v. Rogers, 405 B.R. 428, 432 (M.D. La. May 19, 2009))*. The Second Circuit noted that a debtor in bankruptcy is afforded such protections as revocation of fraudulent proofs of claim and the court's contempt power and concluded that there is "nothing in the FDCPA [that] suggests that it is intended as an overlay to the protections already in place in the bankruptcy proceedings." *Id.* (internal quotation marks and citations omitted).

*Derisme v. Hunt Leibert Jacobson, PC et al,* 880 F.Supp. 2d 339, 365 (D.Conn.2012).

The court went on to find "it does not appear that the purpose of the FDCPA is furthered by its application to a Connecticut judicial foreclosure action." *Id.* at 367.  In *Derisme,* as in this case, defendant "was required to respond to Plaintiff's motion to dismiss and could have been held in contempt by the Superior Court for failing to prosecute its claim. This Court similarly doubts that complying with the rules of practice and

10

procedure in Superior Court could form the basis of a violation of the FDCPA. Filing an objection to a motion to dismiss, filing a reclaim of that objection, marking the objection ready for argument, and participating in an oral argument on Plaintiff's motion to dismiss is simply not the type of abusive collective practices that the FDCPA is aimed at eliminating." *Id.* at 366.  Thus, the Bendett Defendants, by following the court rules, have not violated the FDCPA.

The court actions are exactly the types of activities that Plaintiffs allege are violations of the FDCPA.  (See Complaint, paragraphs 9.2 – 9.27).  In fact, Count 2 is labeled "State Court Filings."  Likewise with count 3, if Plaintiffs were unhappy with a pay-off letter from the Bendett Defendants, the state court is available to adjudicate such a claim.  It is curious that Plaintiffs have chosen not to assert a defense regarding the debt in the Foreclosure Action.  Likely such a defense has not been asserted in the Foreclosure Action because Plaintiffs know such a defense has no merit.  As Plaintiffs have "the panoply of protections and safeguards available to parties of a foreclosure action under Connecticut law" the FDCPA claims against the Bendett Defendants should be dismissed.

**D.  Count 2 Should be Dismissed Because it Addresses Only Filings in State Court.**

Even if the FDCPA was an available claim under these facts, a point not conceded here, it is not available for count 2 which alleges only communications in state court. In count 2 Plaintiff has failed to allege any communication that would fall under the FDCPA because the only allegations in count 2 concern pleadings in the Foreclosure Action. Merely naming a pleading a "communication" is not sufficient to invoke the FDCPA. See *Klein v. Solomon and Solomon, P.C.* 2011 U.S. Dist. LEXIS

11

127606 (D.Conn.2011)(Edginton, J.)(dismissing FDCPA allegations of procedural defects in a state court); see also *Gabrielle v. Law Office of Martha Croog*, 2012 U.S. Dist. LEXIS 17549, 2012 WL 460264, at *2 (D. Conn.2012) (Edginton, J.)(dismissing FDCPA allegations that "describe procedural defects in connection with state court litigation"); reversed on other grounds, affirmed the dismissal of the FDCPA claims 503 Fed. Appx. 89, 95 (2d Cir.2012) ("FDCPA does not guarantee consumers an efficient or thrifty resolution of their putative debt, nor would the filing of three untimely motions interfere with a consumer's ability to answer and defend himself"). Simply put, Plaintiff has failed to plead that any communications occurred that would fall within the protection of the FDCPA.  There is no case that finds that a violation of the FDCPA occurred based solely on allegations concerning pleadings in court. As such, count 2 must be dismissed as it is based solely on pleadings in state court.

In fact, the FDCPA has been amended to make clear that the initiation of a law suit is not a communication.  "[T]he 2006 amendments to the FDCPA superseded *Goldman [v Cohen*, 445 F.3d 152 (2d Cir. 2006)'s] holding that the institution of a lawsuit constitutes an initial communication . . . ." *Ellis V. Solomon & Solomon,* 591 F.3d 130, 136 (2d Cir. 2010) cert denied 560 U.S. 926; 130 S.CT. 3333 (2010).  Therefore, the allegation in paragraph 9.4 of the complaint that the "lawsuit appears to be a communication" is incorrect.  Likewise, the allegation in paragraph 9.7 and 9.8 that commencement of the law suit somehow violated the FDCPA are also incorrect.  In *Ellis,* the court found that there was a violation of the FDCPA because of alleged confusion over when the debt dispute letter could be sent.  In this action, there can be

no such allegation because count 3 surrounds an alleged debt dispute letter.  As such, the allegations in count 2 fail to state a claim upon which relief can be granted.

### E.  Count 3 Should be Dismissed Because the Bendett Defendants Complied with the FDCPA and the Borrower Initiated the Communication.

While the FDCPA should not apply in this matter because it deals exclusively with communication relating to a state court action, even if it does, the Bendett Defendants complied with the requirements of verifying a debt following an alleged dispute.

> Only if a consumer disputes a debt within thirty days of receipt of notice, section 1692g(b) requires the debt collector to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). Although the FDCPA does not define what it means to obtain "verification" of the debt, many courts have found, and this court agrees, that it does not require the debt collector to do anything more than confirm the amount of the debt and the identity of the creditor, and relay that information to the consumer. *See, e.g., Poulin v. Thomas Agency*, 760 F. Supp. 2d 151, 159 (D. Me. 2011) (collecting cases). This provision of the FDCPA "is not intended to give a debtor a detailed accounting of the debt to be collected." *Poulin*, 760 F. Supp. 2d at 160. Rather, "verification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Poulin*, 760 F. Supp. 2d at 160 (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)). "Verification of a debt requires only that the debt collector obtain a written statement that 'the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." *Derisme v. Hunt Leibert Jackson P.C.*, 880 F. Supp. 2d 339, 370 (D. Conn. 2012) (quoting *Bascom v. Dubin*, No. 03-cv-6160T, 2007 U.S. Dist. LEXIS 5349, at *7 (W.D.N.Y. Jan. 25, 2007)); *see also Webster v. ACB Receivables Mgmt.*, No. SKG-12-3620, 2014 U.S. Dist. LEXIS 55575, at *39 (D. Md. Apr. 22, 2014) ("verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.") (quoting *Chaudhry*, 174 F.3d at 406)).

*Devine v. Terry*, 2014 U.S. Dist. LEXIS 138938, 25-27 (D. Conn. 2014)(Bryant, J.). As an initial matter, there is no allegation, nor can there be, that the dispute letter had been sent within 30 days of notice.

In count 3, paragraph 10.6, Plaintiffs allege that the response should have included "dated payments history." As *Devine v. Terry* makes clear, no such requirement exists. The Plaintiffs also claim in paragraph 10.7 that the FDCPA was violated by including in the response letter interest that has continued to accrue, but no facts are alleged, nor can there be, for how interest could possibly be tolled following acceleration of the debt. The Plaintiffs also allege in paragraphs 10.8, 10.9, 10.10 that the FDCPA has been violated by including legal fees in the notice, conveniently forgetting that Plaintiffs filed a motion to dismiss in the Foreclosure Action prior to receiving the verification letter. As mentioned above, Plaintiff could have been sanctioned by the court for failing to respond to the motion to dismiss filed in the Foreclosure Action. *Derisme v. Hunt Leibert Jacobson, PC et al, supra,* 880 F.Supp. 2d at 366 (D.Conn.2012). In short, none of the allegations in count 3 amount to facts sufficient to establish a violation of the FDCPA.

Even if the facts were sufficient, a point not conceded here, the allegations in count 3 refer to a letter prepared by the Bendett Defendants in response to Defendant's notice. (See Complaint, paragraph 10.2). The Bendett Defendants did not initiate the communication. Because the Bendett Defendants did not initiate this communication, Count 3 should be dismissed.

> "FDCPA's protections are not triggered by communications initiated by someone other than the debt collector." *Boyd v. J.E. Robert Co.*, No.05-CV-2455(KAM)(RER), 2010 U.S. Dist. LEXIS 140905, 2010 WL 5772892, at *13 (E.D.N.Y. Mar. 31, 2010) (FDCPA did not apply where

14

defendants were simply responding to inquiries made by plaintiffs concerning the outstanding amount then due and owing on plaintiff's account); *Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, No.05-cv-0583, 2005 U.S. Dist. LEXIS 34237, 2005 WL 2098068, at *2 (N.D.N.Y. Aug. 30, 2005) (FDCPA did not apply where "Defendant was not 'attempting to collect a debt' and that the communication *instituted by Plaintiff* was not 'in connection with the collection of any debt.' Rather, Defendant was merely responding to Plaintiff's inquiries as to how she could bring her mortgage current.") (emphasis in the original); *Nichols v. Washington Mut. Bank*, No.07-cv-3216, 2007 U.S. Dist. LEXIS 85936, 2007 WL 4198252, at *4-5 (E.D.N.Y. Nov. 21, 2007) (holding that "FDCPA was intended to protect consumers from communications initiated by debt collectors, not consumers.").

*Derisme v. Hunt Leibert Jacobson P.C., surpa*, 880 F. Supp. 2d at 368.  As in that case, the Bendett Defendants were responding to the notice (Exhibit E), as alleged in paragraph 10.2 of the complaint.  As such, none of the allegations in count 3 amount to a violation of the FDCPA.  As such, this entire matter should be dismissed.

### III. CONCLUSION.

Plaintiffs have failed to allege, nor can they allege, a violation of the FDCPA. Simply put, no FDCPA violation exists in this matter.  As such, counts 2 and 3 should be dismissed.

                BENDETT DEFENDANTS

                By: //s//Jeffrey M. Knickerbocker
                    Jeffrey M. Knickerbocker
                    Fed. Bar No.: ct23771
                    Their Attorney
                    Bendett & McHugh, P.C.
                    160 Farmington Avenue
                    Farmington, CT 06032
                    Phone: 860-255-5008
                    Fax: 860-677-4549
                    Email:jknickerbocker@bmpc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronics Filing. Parties may access this filing through the Court's CM/ECF System.

Nelson Valle
66 Montowese Street
Hartford, CT 06114

Brunilda ValleCastro
66 Montowese St.
Hartford, CT 06114

                                          //s//Jeffrey M. Knickerbocker
                                        Jeffrey M. Knickerbocker
                                        Attorney for the Bendett Defendants