UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NELSON VALLE, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BENDETT & MCHUGH, PC, ET AL., )<br>)<br>Defendants. ) | CASE NO.: 3:14-CV-01796-SRU |

**REPORT OF PARTIES PLANNING MEETING PURSUANT TO RULE 26(F)**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a telephonic conference was held on February 3, 2015. The participants were:

- Nelson Valle for plaintiff Nelson Valle and for plaintiff Brunilda ValleCastro;

- Attorney Jeffrey M. Knickerbocker for each of the Defendants for whom he has filed an appearance (the "Bendett Defendants"); and

- Attorney Amy Hackett of McCarter & English, LLP for each of the defendants for whom Shawn Smith has filed an appearance (the "Green Tree Defendants").

**I.     CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   JURISDICTION**

 **A.   Subject Matter Jurisdiction.**

Plaintiff claims that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 arising from federal questions concerning alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").  Defendants plan to file a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and/or (6).

 **B.   Personal Jurisdiction.**

Personal jurisdiction is not contested.

**III.   BRIEF DESCRIPTION OF CASE**

Plaintiffs Brunilda Vallecastro and her son, Nelson Valle, claim that the Defendants have violated various federal statutes, including but not limited to the FDCPA, TCPA, and the Connecticut Unfair Trade Practices Act (the "CUTPA") by engaging in certain alleged debt collection activities, including commencing an action to foreclose a mortgage on certain real property located in Connecticut.

 **A.   Claims of Plaintiffs.**

Plaintiffs claim that Defendants violated the FDCPA, CUTPA, and the TCPA and seek actual and statutory damages, punitive damages, injunctive relief and attorneys' fees and costs.

 **B.   Defenses and Claims of Defendants.**

Defendants intend to file a motion to dismiss Plaintiffs' claims for *inter alia* failure to state a claim upon which relief can be granted.  Defendants maintain that *inter alia* any action taken to enforce the terms of the Note and Mortgage was lawful.

ME1 19823594v.1

      C.      **Defenses and Claims of Third Party Defendant/s**

None.

**IV.      STATEMENT OF UNDISPUTED FACTS**

Parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

      1.      There is foreclosure action pending in the Connecticut Superior Court, judicial district of Hartford, bearing docket number HHD-CV-14-6052583-S.

**V.      CASE MANAGEMENT PLAN**

      A.      **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows: The parties would like to delay discovery until a ruling on Defendants' motion to dismiss.

      B.      **Scheduling Conference with the Court**

The Parties do not request a pretrial conference with the court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If one is scheduled, the Parties prefer a conference by telephone.

      C.      **Early Settlement Conference**

      1.      The Parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The Parties agree that settlement is unlikely at this time.

      2.      The Parties do not request an early settlement conference.

3. If a settlement conference is ordered, the Parties will consent to a settlement conference with magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.     Joinder of Parties and Amendment of Pleadings.**

1. Plaintiffs have filed an amended pleading. Plaintiffs may seek to further amend the pleading to assert additional claims under federal law and to add additional defendants as parties. Defendants contend that Plaintiffs should not be further allowed join additional parties or file further amended pleadings.

2. Defendants should be allowed until February 20, 2015, to file motions to join additional parties and until February 20, 2015 to file a response to the complaint.

**E.     Discovery.**

1. The parties anticipate that discovery will be needed on the following subjects areas.

Plaintiffs – Plaintiffs will need discovery concerning Defendants' litigation policies and procedures, Defendants' retention contracts evidencing the ratification to commence state action by BNY, Defendant's Purchasing Agreements (forward flow, etc.), SEC filings and licenses of parties who have handed Securities (PSA's, P-309 shots, etc.), IRS Compliance Manuals—FAS 140, 166, 167, 860 etc, FDCPA Compliance Manuals—and policy officers/associates, TCPA Compliance Manuals—and policy officers/associates FCRA Compliance Manuals—and policy officers/associates, any Consumer report(s) requested concerning the Plaintiffs, all internal files in the name of Plaintiffs and/or referencing the subject matter alleged herein, all documents alleged to show a perfected chain of title, transactional documentation evidencing transfer of

consideration (receipts, wire transfer instruction, etc.), and all documents relied upon to show standing in the state case/custodian of said records.

Defendants – Defendants contend that Plaintiffs are not entitled to discovery on most of the topics identified above and anticipates discovery disputes.  Defendants believe that discovery should be limited and anticipate needing discovery concerning *inter alia* communications between the Parties, identification of the alleged false statements made by Defendants, the basis for Plaintiffs' claims, and evidence supporting Plaintiffs' alleged damages.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) shall be commenced 30 days after a decision on Defendants' motion to dismiss and will be completed (not propounded) 180 days after a decision on Defendants' motion to dismiss.

3. Discovery will not be conducted in phases.

4. Plaintiffs anticipate taking at least four depositions of fact witnesses.  Defendants anticipate taking a total of two depositions of fact witnesses (i.e., both plaintiffs).  Defendants propose that depositions commence 60 days following a decision on Defendants' motion to dismiss and be completed 180 days from a decision on Defendants' motion to dismiss. Plaintiff proposes that depositions commence within 90 days following a decision on Defendant's motion to dismiss and be completed within 120 days after such decision.

5. Defendants do not intend to request permission to serve more than 25 interrogatories.  Plaintiffs may request permission to serve more than 25 interrogatories.

6. Plaintiffs do not intend to call expert witnesses.

7. Defendants do not intend to call expert witnesses.

8. A damage analysis will be provided by any party who as a claim or counterclaim for damages by March 1, 2015.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored producing such information. The Parties are not aware of extensive electronically stored information, but any such information may be produced in format known as PDF document.

10. Undersigned parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties will provide a privilege log as required by the rules as applicable. If the Parties cannot reach agreement on whether certain documents are protected by privilege or the work product doctrine, the Parties will file a joint motion with the court for an in camera review of the information. The Parties will abide by the court order.

**F.      Dispositive Motions.**

Defendants intend to file a motion to dismiss on or before February 20, 2015. Plaintiffs intend to oppose the motion and file dispositive motion(s), as well. Should that motion not be successful, the Parties shall file any motions for summary judgment 240 days (60 days after the close of discovery) after a decision on Defendants' motion to dismiss.

**G.      Joint Trial Memorandum.**

The joint trial memorandum will be filed 60 days following a decision on the motion for summary judgment, if applicable.

**VI.     TRIAL READINESS.**

The Parties expect the case will be ready for trial 90 days after a decision on any motions for summary judgment, if applicable.

The undersigned agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| Defendants<br>GREEN TREE SERVICING LLC, LAUREN JOWERS, ALLISON IRELAND, MICHELLE RED BEAR<br><br>By their attorneys, | Defendants<br>BENDETT & MCHUGH, P.C., JANE HAMILTON TORCIA, JOANN FLOYD, ADAM L. AVOLLONE, WILLIAM R. MILNE, GERALD A. GORDON, AND BARBARA M. RIORDIAN<br><br>By their attorneys, |
| */s/ Shawn Smith*_____<br>Shawn Smith<br>Federal Bar No. CT28340<br>MCCARTER & ENGLISH, LLP<br>185 Asylum Street<br>CityPlace I, 36th Flr.<br>Hartford, CT 06103-3495<br>Tel: (860) 275-6794<br>Fax: (860) 724-3397<br>Email: shsmith@mccarter.com | */s/ Jeffrey Knickerbocker*_____<br>Jeffrey Knickerbocker<br>Federal Bar No.<br>Bendett & McHugh P.C.<br>160 Farmington Avenue<br>Farmington, CT 06032<br>Tel: 860-255-5008<br>Fax: 860-677-4549<br>jknickerbocker@bmpc-law.com |
| Plaintiff<br>NELSON VALLE | Plaintiff<br>BRUNILDA VALLECASTRO |
| */s/ Nelson Valle*_____<br>Nelson Valle (pro se)<br>66 Montowese Street<br>Hartford, CT 06114<br>Tel: 305-791-8959 | */s/ Brunilda Vallecastro*_____<br>Brunilda Vallecastro<br>66 Montowese Street<br>Hartford, CT 06114<br>Tel: 305-791-8959 |

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 13, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronics Filing. Parties may access this filing through the Court's CM/ECF System.

Nelson Valle
66 Montowese Street
Hartford, CT 06114

Brunilda ValleCastro
66 Montowese St.
Hartford, CT 06114

Shawn Smith
Federal Bar No. CT28340
MCCARTER & ENGLISH, LLP
185 Asylum Street
CityPlace I, 36th Flr.
Hartford, CT 06103-3495

                                                  //s//Jeffrey M. Knickerbocker
                                                  Jeffrey M. Knickerbocker
                                                  Attorney for the Bendett Defendants

ME1 19823594v.1