UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| **NELSON VALLE,** *et al.* | **CASE NO: 3:14-CV-01796-SRU**  `2015 APR A II: 25` |
| Plaintiff(s), | **PLAINTIFFS** *VERIFIED* **MOTION FOR JUDICIAL NOTICE**  `US DISTRICT COURT HARTFORD CT` |
| v. | |
| **BENDETT & MCHUGH, P.C.,** *et al.* | |
| Defendant(s). | **APRIL 13ᵗʰ  2015** |

*TO THE HONORABLE JUDGE OF SAID COURT,*

In accordance with *Rule 201(b),* Plaintiffs respectfully move the Court to take judicial notice of the following facts, documents or [electronic] records ("items"):

1.     U.S Supreme Court Holding *Carpenter v. Longan*[1] and its introduction in an FDCPA deception claim is rather novel if not outright ambitious. The Plaintiffs' claim rests on *behavior* and *conduct* in pursuit of an alleged obligation wherein it appears well settled that the propriety of a debt is not central in a determinant of a conduct in its pursuit.[2] This Honorable Court may be asked to address a specific question of first impression regarding the interplay of an instrument[s] alleged to evidence an obligation in favor of a party, an Act[s] of Congress and the highest Judiciary to have spoken, in whole or in part, on this very interplay.  The Plaintiffs introduce *Carpenter* generally through FDCPA *§1692d, e, f* and *k*[3] as as a basis to adjudge the substantive disposition of an instrument[s] *character* and/or *legal status.* Said instrument was furnished to ValleCastro in response to her validation of debt request.[4] Accordingly, the

---

[1]  83 U.S. 271 (1872)
[2]  *Jacobson v. Healthcare Financial Services*, 516 F.3d 85, 76 (2d Cir. 2008); *Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003) ("We first note that what is not at issue here is whether or not Veach actually had an obligation to CreditNet for $350. What is at issue is whether Sheeks' mailing to Veach complied with the FDCPA."); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA is based on the premise "[t]hat every individual, whether or not he owes the debt, has a right to be treated in a reasonable and civil manner." 123 Cong. Rec. 10241 (1977) (remarks of Rep. Annunzio).
[3]  Although FDCPA *§1692e(2)* and *-f(1)* are perhaps more precise.
[4]  Evidenced at *Dkt. #56 Ex. C*

PLAINTIFFS' MOTION FOR JUDICIAL NOTICE
- 1

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

1   Consumers respectfully direct the attention of the Court to *Carpenter* in hope that circumspective insights

2   of the yesteryear may still reverberate in relevancy-today. Herein -

3   **"The mortgaged premises are pledged as security for the debt. In proportion as**
    **a remedy is denied the contract is violated, and the rights of the assignee are set**
4   **at naught. In other words, the mortgage ceases to be security for a part or the**
    **whole of the debt, its express provisions to the contrary notwithstanding.**
5   **The note and mortgage are inseparable; the former as essential, the latter as an**
    **incident. An assignment of the note carries the mortgage with it, while an assignment**
6   **of the latter alone is a nullity."**

7   The Consumers hold, with alacritive poise that, *if necessary,* and with the aid of simple

8   articulation, this Honorable Court can call forth the repository of its jurisprudence so as to convene the

9   1872 Judiciary with the 95th Congress. *Exhibit A*

10  **2.**   The *Consumer Financial Protection Bureau's* ("CFPB") as part of their mandate toward the

11  advancement of consumer protection, provide many resources-- particularly, forms that consumers can

12  glean from and use. [5] These forms are not offered in such a manner as to espouse a legal standard. They

13  are simply furnished as aids wherein the CFPB encourages consumer to engage qualified professionals if

14  necessary. This Honorable Court may be asked to interpret the sufficiency standard of verification under

15  the FDCPA at *§1692g(b).* More pointedly, how meaningful such a standard of sufficiency could hope to

16  be interpreted in favor of the consumer who attempts to assert their rights in a promiscuous debt buying

17  environment where alleged debts are sold, resold, re-aged, securitized, etc. and where companies often

18  change their names. The Plaintiffs respectfully petition the Honorable Court take notice *only that such*

19  *forms are furnished.* In the Consumers estimation, this jaw dropping contrast could provide "eye

20  opening" comparisons between what a robust verification request might look like in the hands of a

21  consumer verses the information that is routinely afforded in response to verification requests. Much to

22  the chagrin of a deflated consumer, these current verification responses are held as tolerably sufficient

23  under popular judicial interpretation and construction. [6] *Exhibit B*

---

[5] See - http://www.consumerfinance.gov/askcfpb/1695/ive-been-contacted-debt-collector-how-do-i-reply.html
[6] It appears to be is a basic tenet of statutory construction that statutes should not be interpreted in a way that makes any part of it redundant.
*National Ass'n of Home Builders v. Defenders of Wildlife,* 551 U.S. 644, 669 (2007). Each part of a statute is to have it own meaning, and no
part should be considered mere surplusage. *Id.* Section *1692(a)* requires a debt collector, with out being prompted by the debtor, to disclose the
"amount of the debt" and the "name of the creditor to whom the debt is owed." After being prompted by the debtor, under *§1692(b),* the debt
collector must provide the debtor with verification of the debt. In order for *§1692(b)* to be more than just a redundancy of *§1692(a),* the
requirements of *§1692(b)* must be more than just a mere restatement of the amount due. This information is the same exact information that

PLAINTIFFS' MOTION FOR JUDICIAL NOTICE
- 2

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**3.**    The *United States Department of Justice* and Bank of America reached a historic 16.6 Billion Dollar Settlement. This settlement was regarding the sale of toxic mortgage securities during the sub-prime housing boom and the destabilizing effect that it had in threatening global markets.[7] It would appear that the alleged obligation advanced by the defendants in the underlying collection action has, they claim, come into existence from the toxic swamp of "RMBS debts". The defendants at all time maintain —either explicitly or implicitly, that they [or their alleged principal] have the requisite documents to legally assert the claims that have been otherwise represented to the consumer under FDCPA mandates; Namely, a debt with clear title evidencing both enforceabilty and a security interest held in favor of the creditor.

> **"We are here to announce a historic step forward in our ongoing effort to protect the American people from financial fraud – and to hold accountable those whose actions threatened the integrity of our financial markets and undermined the stability of our economy. The Department of Justice has reached an agreement with Bank of America totaling over $16.6 billion in penalties and consumer relief. This constitutes the largest civil settlement with a single entity in history, addressing conduct uncovered in more than a dozen cases and investigations. And it addresses allegations that Bank of America, Merrill Lynch, and Countrywide each engaged in pervasive schemes to defraud financial institutions and other investors in structured financial products known as residential mortgage-backed securities, or RMBS."**

US Attorney General Eric Holder (September 1st 2014)

This Honorable Court may be asked to make a determination[s] responsive to the *legal status* of an alleged obligation said to be derived from the pervasive schemes, as identified by US Attorney General Eric Holder, that provided the pretext by which this agreement [between the DoJ and BoA] was established. More particularly in the case at hand, the standards of proof – either proffered by the defendants or sought after by the Consumers, that evidences the alleged instruments' current *legal status* under the provision[s] of the FDCPA.

**4.**    Lastly, Desiree Carson, the "notary" to whom was commissioned to allegedly "execute" an instrument, in Hartford, Connecticut against the interest of the Plaintiffs' property in <u>October of 2011</u> is a

---

Defendant is already required to provide under the clear language of *§1692(a)*. Arguments espoused by the defendants have the affect of setting the requirements under *§1692(b)* identical to those required under *§1692(a)*, and appears to render *§1692(b)* completely redundant.
[7] See - http://www.stopfraud.gov/iso/opa/stopfraud/DC-1408211.html  (last visited February 2nd 2015)

PLAINTIFFS' MOTION FOR JUDICIAL NOTICE
- 3

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

known felon. Ms. Carson was indicted on nine felony counts--as adjudged by the Honorable Judge Kevin

J. McGee, in the matter *People vs. Carson, Desiree* on or about <u>January 9th 2013</u>[8] in the County of

Ventura California--sentenced to seven years and eight months and ordered to pay restitution to victims.

The press release from the Ventura County District Attorney's Office and the Court's certified minute's

ORDER are inclusive. This Honorable Court may be asked to consider a pattern of conduct wherein

criminal activities are alleged to be at play in contravention to state and federal law on part of the

defendants—including among other things, importuning documents into public record and/or utilizing the

same. These allegations are set forth  under the FDCPA at *§1692d, d(1)* or *f* and perhaps, responsive to

CUTPA, against the backdrop of  "state derived privileges" to which certain defendants in the case at

issue may seek to interpret and/or invoke as a basis for immunity. *Exhibit C*

## **ARGUMENT**

Judicial notice of these facts is proper under Federal Rules of Evidence *201(b)(2)* because they

are not subject to reasonable dispute and are "capable of accurate and ready determination by resort to

sources whose accuracy cannot reasonably be questioned. *Fed. R. Evid. 201(b)(2).* Rule 201(f) provides

that "[j]udicial notice may be taken at any stage of the proceeding." *Fed. R. Evid. 201(f).*  Indeed, under

*Rule 201(d)* the Court shall take judicial notice if requested by a party and supplied with the necessary

information." *Fed. R. Evid. 201(d)*

Plaintiffs seek judicial notice of facts readily available on the websites of the U.S. Supreme Court

archives, the U.S. Department of Justice, the Consumer Financial Protection Bureau, the Financial Fraud

Enforcement Task Force and the Ventura California County Court/Office of the District Attorney. Courts

have taken notice of matters of public records, including facts published on government websites.[9] Courts

also regularly take notice of factual information in internet publications.[10] Plaintiffs have not been

successful in eliciting any responses from the counselors of record, regarding their intent to file in

---

[8] Plead guilty in August of 2012 according to the Ventura County Office of the District Attorney..

[9]  See, e.g., *Sec'y of State for Defence v. Trimple Navigation, Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

[10]  See, e.g., *O'Toole v. Northrop Grumman Corp.*, F.3d 12 18, 1225 (10th Cir. 2007); *Caldwell v. Caldwell,* 420 F. Supp. 2D 12002, 1105 n.3 (N.D.Cal. 2006)

PLAINTIFFS'  MOTION FOR JUDICIAL NOTICE
- 4

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

response to this motion and accordingly, their discretion—reserved right to submit a motion in its

opposition.  Because a request may be taken "at any stage of the proceeding," district courts have utilized

judicial notice at the motion to dismiss and summary judgment stages.[11] Accordingly, the Plaintiffs

respectfully move the Honorable Court toward their notice at the stage of the proceedings where such

issues become dispositive and to the extent that the Consumers can proffer them so as to be tendered as a

part of the Court's judicial analysis.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court grant this motion and take

judicial notice of the items stipulated herein.

---

[11] *Singleton v. N.Y.C.*, 632 F.2d 185, 204 (2d Cir. 1980) (Weinstein, D.J., dissenting); *Bulova Watch Co., Inc. v. K. Hattori & Co., Ltd.*, 508 F. Supp. 1322, 1328 (E.D.N.Y. 1981) (gathering cases); *United States* ex rel. *McLaughlin v. N.Y.*, 356 F. Supp. 988, 990 (E.D.N.Y. 1973).

PLAINTIFFS'  MOTION FOR JUDICIAL NOTICE
- 5

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Carpenter v. Longan

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

# Carpenter v. Longan
# 83 U.S. 271 (1872)

## U.S. Supreme Court

**Carpenter v. Longan, 83 U.S. 16 Wall. 271 271 (1872)**

**Carpenter v. Longan**

**83 U.S. (16 Wall.) 271**

*APPEAL FROM THE SUPREME*

*COURT OF COLORADO TERRITORY*

*Syllabus*

1. The assignment of a negotiable note before its maturity raises the presumption of a want of notice of any defense to it, and this presumption stands till it is overcome by sufficient proof.

2. When a mortgage given at the same time with the execution of a negotiable note and to secure payment of it, is subsequently, but before the maturity of the note, transferred *bona fide* for value, with the note, the holder of the note when obliged to resort to the mortgage is unaffected by any equities arising between the mortgagor and mortgagee subsequently to the transfer, and of which he, the assignee, had no notice at the time it was made. He takes the mortgage as he did the note.

MR. JUSTICE SWAYNE stated the case, and delivered the opinion of the Court.

On the 5th of March, 1867, the appellee, Mahala Longan, and Jesse B. Longan, executed their promissory note to Jacob B. Carpenter, or order, for the sum of $980, payable six months after date, at the Colorado National Bank, in Denver City, with interest at the rate of three and a half percent per month until paid. At the same time Mahala Longan executed to Carpenter a mortgage upon certain real estate

Page 83 U. S. 272

therein described. The mortgage was conditioned for the payment of the note at maturity, according to its effect.

On the 24th of July, 1867, more than two months before the maturity of the note, Jacob B. Carpenter, for a valuable consideration, assigned the note and mortgage to B. Platte Carpenter, the appellant. The note not being paid at maturity, the appellant filed this bill against Mahala Longan, in the District Court of Jefferson County, Colorado territory, to foreclose the mortgage.

She answered and alleged that when she executed the mortgage to Jacob B. Carpenter, she also delivered to him certain wheat and flour, which he promised to sell, and to apply the proceeds to the payment of the note; that at the maturity of the note she had tendered the amount due upon it, and had demanded the return of the note and mortgage and of the wheat and flour, all which was refused. Subsequently she filed an amended answer, in which she charged that Jacob B. Carpenter had converted the wheat and flour to his own use, and that when the appellant took the assignment of the note and mortgage, he had full knowledge of the facts touching the delivery of the wheat and flour to his assignor. Testimony was taken upon both sides. It was proved that the wheat and flour were in the hands of Miller & Williams, warehousemen, in the City of Denver, that they sold, and received payment for, a part, and that the money thus received and the residue of the wheat and

flour were lost by their failure. The only question made in the case was, upon whom this loss should fall, whether upon the appellant or the appellee. The view which we have taken of the case renders it unnecessary to advert more fully to the facts relating to the subject. The district court decreed in favor of the appellant for the full amount of the note and interest. The supreme court of the territory reversed the decree, holding that the value of the wheat and flour should be deducted. The complainant thereupon removed the case to this Court by appeal.

It is proved and not controverted that the note and mortgage were assigned to the appellant for a valuable consideration

Page 83 U. S. 273

before the maturity of the note. Notice of anything touching the wheat and flour is not brought home to him.

The assignment of a note underdue raises the presumption of the want of notice, and this presumption stands until it is overcome by sufficient proof. The case is a different one from what it would be if the mortgage stood alone, or the note was nonnegotiable, or had been assigned after maturity. The question presented for our determination is, whether an assignee, under the circumstances of this case, takes the mortgage as he takes the note, free from the objections to which it was liable in the hands of the mortgagee. We hold the affirmative. [Footnote 1] The contract as regards the note was that the maker should pay it at maturity to any *bona fide* endorsee, without reference to any defenses to which it might have been liable in the hands of the payee. The mortgage was conditioned to secure the fulfillment of that contract. To let in such a defense against such a holder would be a clear departure from the agreement of the mortgagor and mortgagee, to which the assignee subsequently, in good faith, became a party. If the mortgagor desired to reserve such an advantage, he should have given a nonnegotiable instrument. If one of two innocent persons must suffer by a deceit, it is more consonant to reason that he who "puts trust and confidence in the deceiver should be a loser rather than a stranger." [Footnote 2]

Upon a bill of foreclosure filed by the assignee, an account must be taken to ascertain the amount due upon the instrument secured by the mortgage. Here the amount due was the face of the note and interest, and that could have been recovered in an action at law. Equity could not find that

Page 83 U. S. 274

less was due. It is a case in which equity must follow the law. A decree that the amount due shall be paid within a specified time, or that the mortgaged premises shall be sold, follows necessarily. Powell, cited *supra,* says:

"But if the debt were on a negotiable security, as a bill of exchange collaterally secured by a mortgage, and the mortgagee, after payment of part of it by the mortgagor, actually negotiated the note for the value, the endorsee or assignee would, it seems, in all events, be entitled to have his money from the mortgagor on liquidating the account, although he had paid it before, because the endorsee or assignee has a legal right to the note and a legal remedy at law, which a court of equity ought not to take from him, but to allow him the benefit of on the account."

A different doctrine would involve strange anomalies. The assignee might file his bill and the court dismiss it. He could then sue at law, recover judgment, and sell the mortgaged premises under execution. It is not pretended that equity would interpose against him. So if the aid of equity were properly invoked to give effect to the lien of the judgment upon the same premises for the full amount, it could not be refused. Surely such an excrescence ought not to be permitted to disfigure any system of enlightened jurisprudence. It is the policy of the law to avoid circuity of action, and parties ought not to be driven from one forum to obtain a remedy which cannot be denied in another.

The mortgaged premises are pledged as security for the debt. In proportion as a remedy is denied the contract is violated, and the rights of the assignee are set at naught. In other words, the mortgage

ceases to be security for a part or the whole of the debt, its express provisions to the contrary notwithstanding.

The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity. [Footnote 3]

Page 83 U. S. 275

It must be admitted that there is considerable discrepancy in the authorities upon the question under consideration.

In *Baily v. Smith* [Footnote 4] -- a case marked by great ability and fullness of research -- the Supreme Court of Ohio came to a conclusion different from that at which we have arrived. The judgment was put chiefly upon the ground that notes, negotiable, are made so by statute, while there is no such statutory provision as to mortgages, and that hence the assignee takes the latter as he would any other chose in action, subject to all the equities which subsisted against it while in the hands of the original holder. To this view of the subject there are several answers.

The transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter. If not assignable at law, it is clearly so in equity. When the amount due on the note is ascertained in the foreclosure proceeding, equity recognizes it as conclusive, and decrees accordingly. Whether the title of the assignee is legal or equitable is immaterial. The result follows irrespective of that question. The process is only a mode of enforcing a lien.

All the authorities agree that the debt is the principal thing and the mortgage an accessory. Equity puts the principal and accessory upon a footing of equality, and gives to the assignee of the evidence of the debt the same rights in regard to both. There is no departure from any principle of law or equity in reaching this conclusion. There is no analogy between this case and one where a chose in action standing alone is sought to be enforced. The fallacy which lies in overlooking this distinction has misled many able minds, and is the source of all the confusion that exists. The mortgage can have no separate existence. When the note is paid the mortgage expires. It cannot survive for a moment the debt which the note represents. This dependent and incidental relation is the controlling consideration, and takes the case out of the rule applied to choses in action,

Page 83 U. S. 276

where no such relation of dependence exists. *Accessorium non ducit, sequitur principale.*

In *Pierce v. Faunce,* [Footnote 5] the court said:

"A mortgage is *pro tanto* a purchase, and a *bona fide* mortgagee is equally entitled to protection as the *bona fide* grantee. So the assignee of a mortgage is on the same footing with the *bona fide* mortgagee. In all cases the reliance of the purchaser is upon the record, and when that discloses an unimpeachable title he receives the protection of the law as against unknown and latent defects."

*Matthews v. Wallwyn* [Footnote 6] is usually much relied upon by those who maintain the infirmity of the assignee's title. In that case, the mortgage was given to secure the payment of a nonnegotiable bond. The mortgagee assigned the bond and mortgage fraudulently and thereafter received large sums which should have been credited upon the debt. The assignee sought to enforce the mortgage for the full amount specified in the bond. The Lord Chancellor was at first troubled by the consideration that the mortgage deed purported to convey the legal title, and seemed inclined to think that might take the case out of the rule of liability which would be applied to the bond if standing alone. He finally came to a different conclusion, holding the mortgage to be a mere security. He said, finally:

"The debt therefore is the principal thing, and it is obvious that if an action was brought on the bond in the name of the mortgagee, as it must be, the mortgagor shall pay no more than what is really due upon the bond; if an action of covenant was brought by the covenantee, *the account must be settled*

*in that action.* In this Court, the condition of the assignee cannot be better than it would be at law in any mode he could take to recover what was due upon the assignment."

The principle is distinctly recognized that the measure of liability upon the instrument secured is the measure of the liability chargeable upon the security. The condition of the assignee cannot be better in law than it is in equity.

Page 83 U. S. 277

So neither can it be worse. Upon this ground we place our judgment.

We think the doctrine we have laid down is sustained by reason, principle, and the greater weight of authority.

*Decree reversed and the case remanded with directions to enter a decree in conformity with this opinion.*

[Footnote 1]

Powell on Mortgages 908; 1 Hilliard on Mortgages 572; Coot on Mortgages 304; *Reeves v. Scully,* Walker's Chancery 248; *Fisher v. Otis,* 3 Chandler 83; *Martineau v. McCollum,* 4 *id.* 153; *Bloomer v. Henderson,* 8 Mich. 395; *Potts v. Blackwell,* 4 Jones 58; *Cicotte v. Gagnier,* 2 Mich. 381; *Pierce v. Faunce,* 47 Me. 507; *Palmer v. Yates,* 3 Sandford 137; *Taylor v. Page,* 6 Allen 86; *Croft v. Bunster,* 9 Wis. 503; *Cornell v. Hilchens,* 11 *id.* 353.

[Footnote 2]

*Hern v. Nichols,* 1 Salkeld 289.

[Footnote 3]

*Jackson v. Blodget,* 5 Cowan 205; *Jackson v. Willard,* 4 Johnson 43.

[Footnote 4]

14 Ohio St. 396.

[Footnote 5]

47 Me. 513.

[Footnote 6]

4 Vesey 126.

Official Supreme Court case law is only found in the print version of the United States Reports. Justia case law is provided for general informational purposes only, and may not reflect current legal developments, verdicts or settlements. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or information linked to from this site. Please check official sources.

https://supreme.justia.com/cases/federal/us/83/271/case.html#T1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

(CFPB Verification Form Sample For Consumer Use)

*No Claim of Legal Standard Is Suggested Or Endorsed Per Se By The CFPB

PLAINTIFFS'  MOTION FOR JUDICIAL NOTICE
- 7

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

# Debt collector response sample letter

## You're saying: "Tell me more about this debt."

Use the sample letter on the next page to ask for more information about this debt.

## How to use this sample letter:

1. Read the background below.

2. Fill in your information on the sample letter and edit it as needed to fit your situation. Delete any parts that don't apply to you.

3. Print and send the letter as soon as you can. Keep a copy for your records. You should consider sending the letter by certified mail or another method by which you can establish when the letter is received by the intended recipient.

## Background

Send this letter as soon as you can -- if at all possible, within 30 days of when a debt collector contacts you the first time about a debt. This is important because, under the Federal Fair Debt Collection Practices Act, your legal rights to obtain verification information from a debt collector are greater during the 30-day period.

When a debt collector is asking you to pay money, you're entitled to ask for details. The sample letter below will help you to get details on the following:
- Why a debt collector thinks you owe this debt.
- The amount of the debt and how old it is.
- Details about the debt collector's authority to collect this money.

A debt collector may not have a legal obligation to provide some or all of the information you seek, even if you request it within the 30-day period. If the collector doesn't give you what you request, that doesn't necessarily mean the debt collector has broken any laws or has given up a legal right to collect from you.

After you send your letter:
- If the debt collector makes vague statements about what will happen if you do not pay, read their response to your letter carefully. If they tell you that they intend to sue you, you should take that seriously. Federal law prohibits a debt collector from threatening to take any action they can't take or that they don't intend to take.
-
If you have specific questions, you may want to contact a lawyer. If you need a lawyer, you can:
- Review this list of state legal services.
- Find lawyer referrals in your county and state by visiting the websites for your local or county bar association, or legal aid.

State laws, have statutes of limitations, or limited time periods when creditors or debt collectors can file a lawsuit to collect a debt.

- These periods of time can be two years or longer.
- The period of time varies by state and by the type of debt.
- In some states, even a partial payment on the debt will restart the time period.

If you suspect that the debt may be beyond the statute of limitations, you may want to consult a lawyer before making any payment on a debt.

Not all states require debt collectors to be licensed. Where a license is required, knowing whether or not a debt collector is licensed may be useful. If the debt collector isn't conducting itself properly, you can contact the state licensing agency.

Sample letter begins on the next page

[Your name]
[Your return address]
[Date]


[Debt collector name]
[Debt collector Address]
Re: [Account number for the debt, if you have it]


Dear [Debt collector name]:

I am responding to your contact about a debt you are trying to collect. You contacted me by [**phone/mail**], on [**date**] and identified the debt as [**any information they gave you about the debt**].

Please supply the information below so that I can be fully informed:

<u>Why you think I owe the debt and to whom I owe it, including:</u>

- The name and address of the creditor to whom the debt is currently owed, the account number used by that creditor, and the amount owed.

- If this debt started with a different creditor, provide the name and address of the original creditor, the account number used by that creditor, and the amount owed to that creditor at the time it was transferred. When you identify the original creditor, please provide any other name by which I might know them, if that is different from the official name. In addition, tell me when the current creditor obtained the debt and who the current creditor obtained it from.

- Provide verification and documentation that there is a valid basis for claiming that I am required to pay the debt to the current creditor. For example, can you provide a copy of the written agreement that created my original requirement to pay?

- If you are asking that I pay a debt that somebody else is or was required to pay, identify that person. Provide verification and documentation about why this is a debt that I am required to pay.

<u>The amount and age of the debt, including:</u>

- A copy of the last billing statement sent to me by the original creditor.

- State the amount of the debt when you obtained it, and when that was.

- If there have been any additional interest, fees or charges added since the last billing statement from the original creditor, provide an itemization showing the dates and amount of each added amount. In addition, explain how the added interest, fees or other charges are expressly authorized by the agreement creating the debt or are permitted by law.

- If there have been any payments or other reductions since the last billing statement from the original creditor, provide an itemization showing the dates and amount of each of them.

- If there have been any other changes or adjustments since the last billing statement from the original creditor, please provide full verification and documentation of the amount you are trying to collect. Explain how that amount was calculated. In addition, explain how the other changes or adjustments are expressly authorized by the agreement creating the debt or permitted by law.

- Tell me when the creditor claims this debt became due and when it became delinquent.

- Identify the date of the last payment made on this account.

- Have you made a determination that this debt is within the statute of limitations applicable to it? Tell me when you think the statute of limitations expires for this debt, and how you determined that.

<u>Details about your authority to collect this debt.</u>

- I would like more information about your firm before I discuss the debt with you. Does your firm have a debt collection license from my state? If not, say why not. If so, provide the date of the license, the name on the license, the license number, and the name, address and telephone number of the state agency issuing the license.

- If you are contacting me from a place outside my state, does your firm have a debt collection license from that place? If so, provide the date of the license, the name on the license, the license number, and the name, address and telephone number of the state agency issuing the license.

I have asked for this information because I have some questions. I need to hear from you to make an informed decision about your claim that I owe this money. I am open to communicating with you for this purpose. In order to make sure that I am not put at any disadvantage, in the meantime please treat this debt as being in dispute and under discussion between us.

In addition to providing the information requested above, please let me know whether you are prepared to accept less than the balance you are claiming is owed. If so, please tell me in writing your offer with the amount you will accept to fully resolve the account.

Thank you for your cooperation.

Sincerely,

[**Your name**]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

Minute Order in the Matter of *People vs. Carson, Desiree*
**(Certified Copy)**

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com



# NEWS RELEASE

For Immediate Release

**GREGORY D. TOTTEN**
**District Attorney**

Approved By: RMW

Thursday, January 10, 2013

Release No. 13-003

Contact:   Marc Leventhal
           Senior Deputy District Attorney

Telephone: (805) 662-1715

*VENTURA, California* - District Attorney Gregory D. Totten announced today that on January 9, 2013, Judge Kevin J. McGee sentenced Desiree Carson (DOB 01/07/1971), of Thousand Oaks, to seven years, eight months in prison following her guilty plea in August to nine felony counts of grand theft, forgery and tax evasion, and the aggravated white-collar crime enhancement. This case was investigated by the Ventura County Sheriff's Office and the Franchise Tax Board.

Carson worked for Westlake Plaza Realty dba Century 21 America from 1992 to 2011. Initially hired as a receptionist, Carson eventually became an escrow officer. During the course of her employment, Carson routinely embezzled funds by issuing unauthorized company checks to pay her credit accounts and other personal expenses. Carson accomplished the thefts by forging her employer's signature on certain checks and by inducing her employer to sign other checks by misrepresenting their true purpose. Carson cumulatively embezzled $623,000 by means of 580 separate fraudulent checks. She concealed her crimes by falsifying accounting entries in hundreds of escrow files and avoided scrutiny by cultivating the trust of her employers and colleagues.

Carson was also ordered to pay restitution to her employer totaling $737,000, including $114,000 in costs her employer incurred as a result of her crimes. She was also ordered to pay $122,000 in restitution to the Franchise Tax Board.

###



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF VENTURA

**Superior Court of California, County of Ventura**

800 South Victoria Avenue
Ventura, CA 93009

## PAYMENT RECEIPT

Receipt #: 9990532980

| Clerk ID: AArroyo | Transaction No: 1441439 | Transaction Date: 12/18/2014 | Transaction Time: 11:01:26 AM |
| --- | --- | --- | --- |

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
| --- | --- | --- | --- | --- | --- | --- |
| | 141 - Certified copy $25 | 1 | $25.00 | $25.00 | $25.00 | $0.00 |
| | 44A - Copy of any record (per side) | 6 | $0.50 | $3.00 | $3.00 | $0.00 |
| | | | Sales Tax: | | $0.00 | |
| | | | Total: | $28.00 | Total Rem. Bal: | $0.00 |
| | | | Credit Card: | | $28.00 | |
| | | | Total Amount Tendered: | | $28.00 | |
| | | | Change Due: | | $0.00 | |
| | | | Balance: | | $0.00 | |

www.ventura.courts.ca.gov        Our Court is here for the people we serve.

## ORIGINAL

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF VENTURA

# MINUTE ORDER

---

**Case Number   2011018895 F A**     <u>**People Vs Carson, Desiree .**</u>

---

| | | | |
|---|---|---|---|
| **Name:** | **Carson, Desiree .** | **Court Room:** 12 | **For:** 01/09/13 11:00 AM |
| **Case #:** | **2011018895 F A** | **Atty Name:** Matt Bromund, ATTY | |
| **Case Status:** | Convicted | **Mand. App:** Yes | |
| **Release Status:** | In custody California Department of Corrections (CDC) | | |
| **Charging Document:** | Complaint | **Bail Set Amt:** $100,000.00 | **Last Date for Trial:** 10/01/12 |

---

<u>Defendant Information</u>                                                                        <u>Booking Information</u>

|  |  |
|---|---|
| | **BI Number:** 261263 |
| | **DOJ Report #:** 1266023 |
| | **DR #:** 2011018895 |
| | **Arrest Date:** |
| | **Issuing Agency:** VCDA |
| | **Violation Location:** County of Ventura |
| **DOB:** 1971 | |

**Sex:** Female     **Hair:** Blond     **Eyes:** Green     **Height:** 5' 7"     **Weight:** 130     **Race:** White

| Alias Type | Name | Entered |
|---|---|---|
| Alias | Carson, Desiree Denise | 11/14/1994 07:09 PM |
| Alias | Ray, Desiree | 11/13/1994 12:00 AM |

<u>Violations</u>

| Cnt | S/A | | Off Lvl | Plea | Dt Plea | Disposition | Dt Dispo | Bail Schedule |
|---|---|---|---|---|---|---|---|---|
| 1 | | F | 470(a) PC | Guilty | 08/31/12 | Pled guilty | 08/31/12 | $10,000.00 |
| | 06/04/10 | | Forgery | | | | | |
| | 1 | F | 186.11(a)(2) PC | Admitted | 08/31/12 | Found True | 08/31/12 | $30,000.00 |
| | 06/04/10 | | S/A - Enh - Excessive Loss Over $500,000 | | | | | |
| | 2 | F | 12022.6(a)(2) PC | Admitted | 08/31/12 | Found True | 08/31/12 | $20,000.00 |
| | 06/04/10 | | S/A - Enh- Excessive Loss Over $200,000 | | | | | |
| 2 | | F | 470(a) PC | Guilty | 08/31/12 | Pled guilty | 08/31/12 | $10,000.00 |
| | 01/26/10 | | Forgery | | | | | |
| 3 | | F | 470(a) PC | Guilty | 08/31/12 | Pled guilty | 08/31/12 | $10,000.00 |
| | 03/19/10 | | Forgery | | | | | |
| 4 | | F | 470(a) PC | Not Guilty | 06/14/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 06/24/10 | | Forgery | | | | | |
| 5 | | F | 470(a) PC | Not Guilty | 06/14/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 01/03/11 | | Forgery | | | | | |
| 6 | | F | 470(a) PC | Not Guilty | 06/14/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 01/03/11 | | Forgery | | | | | |
| 7 | | F | 470(a) PC | Not Guilty | 06/14/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 12/15/09 | | Forgery | | | | | |

---

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF VENTURA

# MINUTE ORDER

---

**Case Number   2011018895 F A**      <u>**People Vs Carson, Desiree  .**</u>

---

| | |
|---|---|
| **Name:**    **Carson, Desiree  .** | **Court Room:**  12        **For:**  01/09/13 11:00 AM |
| **Case #:**    **2011018895  F  A** | **Atty Name:**  Matt  Bromund, ATTY |
| **Case Status:**  Convicted | **Mand. App:**  Yes |

**Release Status:**   In custody California Department of Corrections (CDC)

**Charging Document:**   Complaint          **Bail Set Amt:**  $100,000.00          **Last Date for Trial:**  10/01/12

---

<u>Violations</u>

| Cnt | S/A | Off Lvl | | Plea | Dt Plea | Disposition | Dt Dispo | Bail Schedule |
|---|---|---|---|---|---|---|---|---|
| 8 | | F | 487(a) PC | Not Guilty | 06/14/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 03/01/05 | | Grand Theft | | | | | |
| | 1 | F | 803(c)(3) PC | Denial Withdrawn | 08/31/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 03/01/05 | | S/A - Enh - Statue of Limitations - Late Discovery | | | | | |
| 9 | | F | 487(a) PC | Guilty | 08/31/12 | Pled guilty | 08/31/12 | $10,000.00 |
| | 03/01/05 | | Grand Theft | | | | | |
| 10 | | F | 487(a) PC | Guilty | 08/31/12 | Pled guilty | 08/31/12 | $10,000.00 |
| | 03/01/05 | | Grand Theft | | | | | |
| 11 | | F | 487(a) PC | Guilty | 08/31/12 | Pled guilty | 08/31/12 | $10,000.00 |
| | 03/01/05 | | Grand Theft | | | | | |
| 12 | | F | 487(a) PC | Not Guilty | 06/14/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 03/01/05 | | Grand Theft | | | | | |
| 13 | | F | 487(a) PC | Not Guilty | 06/14/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 03/01/05 | | Grand Theft | | | | | |
| 14 | | F | 487(a) PC | Not Guilty | 06/14/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 03/01/05 | | Grand Theft | | | | | |
| 15 | | F | 19706 RT | Not Guilty | 06/14/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 02/15/07 | | Failure To File Income Tax Return | | | | | |
| 16 | | F | 19706 RT | Not Guilty | 06/14/12 | Dismissed | 01/09/13 | $10,000.00 |
| | 02/13/08 | | Failure To File Income Tax Return | | | | | |
| 17 | | F | 19705(a) RT | Guilty | 08/31/12 | Pled guilty | 08/31/12 | $10,000.00 |
| | 03/01/09 | | Filing False Tax Return | | | | | |
| 18 | | F | 19705(a) RT | Guilty | 08/31/12 | Pled guilty | 08/31/12 | $10,000.00 |
| | 04/15/10 | | Filing False Tax Return | | | | | |
| 19 | | F | 19705(a) RT | Guilty | 08/31/12 | Pled guilty | 08/31/12 | $10,000.00 |
| | 03/15/11 | | Filing False Tax Return | | | | | |

<u>Sentence</u>

| Dt Sent | Sentence | Disposition |
|---|---|---|
| 01/09/13 | 16 Month(s) State Prison | Active |
| | 3 Year(s) State Prison | Active |
| | 186.11(a)(2) PC Consecutive to Count 1 | |

---

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF VENTURA

# MINUTE ORDER

**Case Number   2011018895 F A**      <u>People Vs Carson, Desiree  .</u>

| | | | |
|---|---|---|---|
| **Name:** | **Carson, Desiree  .** | **Court Room:** 12 | **For:** 01/09/13 11:00 AM |
| **Case #:** | **2011018895  F  A** | **Atty Name:** Matt  Bromund, ATTY | |
| **Case Status:** | Convicted | **Mand. App:** Yes | |
| **Release Status:** | In custody California Department of Corrections (CDC) | | |
| **Charging Document:** | Complaint | **Bail Set Amt:** $100,000.00 | **Last Date for Trial:** 10/01/12 |

<table>
<tr><td colspan="3"><u>Sentence</u></td></tr>
<tr><td>Dt Sent</td><td>Sentence</td><td>Disposition</td></tr>
<tr><td>01/09/13</td><td>2 Year(s) State Prison<br>    12022.6(a)(2) PC Consecutive to Count 1</td><td>Active</td></tr>
<tr><td></td><td>8 Month(s) State Prison<br>    470(a) PC Consecutive to Count 1</td><td>Active</td></tr>
<tr><td></td><td>8 Month(s) State Prison<br>    470(a) PC Consecutive to Count 3</td><td>Active</td></tr>
<tr><td></td><td>2 Year(s) State Prison<br>    487(a) PC Concurrent with Count 1</td><td>Active</td></tr>
<tr><td></td><td>2 Year(s) State Prison<br>    487(a) PC Concurrent with Count 1</td><td>Active</td></tr>
<tr><td></td><td>2 Year(s) State Prison<br>    487(a) PC Concurrent with Count 1</td><td>Active</td></tr>
<tr><td></td><td>2 Year(s) State Prison<br>    19705(a) RT Concurrent with Count 1</td><td>Active</td></tr>
<tr><td></td><td>2 Year(s) State Prison<br>    19705(a) RT Concurrent with Count 1</td><td>Active</td></tr>
<tr><td></td><td>2 Year(s) State Prison<br>    19705(a) RT Concurrent with Count 1</td><td>Active</td></tr>
</table>

<u>Fiscal</u>

| Component | Due | Balance |
|---|---|---|
| Fees | $630.00 | $630.00 |
| **Case Total:** | $630.00 | $630.00 |

| Docket Dt | Seq | Code | Text |
|---|---|---|---|
| 01/09/2013 | 1 | HHELD | <u>Sentencing   Heard  in  Courtroom 12  on  Jan 09, 2013  at  11:00 AM .</u> |
| | 2 | OFJUD | Judge - McGee, Kevin J . |
| | 3 | OFJA | Judicial Assistant -  Perez, A . |
| | 4 | OFREP | Court Reporter - Biter, Denise is present. |
| | 5 | PPW | The defendant is present with Attorney Matt Bromund . |
| | 6 | PPDA | Deputy District Attorney Marc Leventhal present. |
| | 7 | FCPR | Court has read and considered Probation Officer's Report. |
| | 8 | PLFB | Court  finds there is a factual basis for defendant's plea. |
| | 9 | WVASN | Defendant waives his / her right to be arraigned at time of sentencing and indicates there is no legal cause why judgment should not be pronounced. |
| | 10 | FLP | The court orders the Probation report to be filed. |
| | 11 | FLD | The Probation Memorandum ordered filed in court. |
| | 12 | FLD | The Probation Memorandum ordered filed in court. |

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF VENTURA

# MINUTE ORDER

---

**Case Number   2011018895 F A**          <u>People Vs Carson, Desiree  .</u>

---

| | |
|---|---|
| **Name:** | **Carson, Desiree  .** |
| **Case #:** | **2011018895  F  A** |
| **Case Status:** | Convicted |
| **Release Status:** | In custody California Department of Corrections (CDC) |
| **Charging Document:** | Complaint |

Court Room:  12          For:  01/09/13 11:00 AM

Atty Name:  Matt Bromund, ATTY

Mand. App:  Yes

Bail Set Amt:  $100,000.00          Last Date for Trial:  10/01/12

---

| Docket Dt | Seq | Code | Text |
|---|---|---|---|
| 01/09/2013 | 13 | TRARGU | Argument by the  Defense . |
| | 14 | TRARGU | Argument by the  People . |
| | 15 | SPPD | Defendant's application for probation is denied. |
| | 16 | SPSN | The defendant is sentenced to : |
| | 17 | SP1 | Defendant waives his/her right to be arraigned at time of sentencing and indicates there is no legal cause why judgment should not be pronounced.  Defendant having Pled guilty as to  count 1-470(a) PC is sentenced to the Department of Corrections and Rehabilitation for the Lower term - 16  Month(s) . |
| | 18 | SPA | The court finds the allegation pursuant to 1-186.11(a)(2) PC , as to count 1 ,charged and found to be true.  Court imposes 3  Year(s) .  Sentence to be Consecutive to count 1 . |
| | 19 | SPA | The court finds the allegation pursuant to 2-12022.6(a)(2) PC , as to count 1 ,charged and found to be true.  Court imposes 2  Year(s) .  Sentence to be Consecutive to count 1 . |
| | 20 | SPAC | Defendant has also Pled guilty to the additional charge in count 2-470(a) PC and is sentenced to the Department of Corrections and Rehabilitation for 1/3 the  middle term - 8  Month(s) . Sentence imposed to be served Consecutive to count 1 . |
| | 21 | SPAC | Defendant has also Pled guilty to the additional charge in count 3-470(a) PC and is sentenced to the Department of Corrections and Rehabilitation for 1/3 the  middle term - 8  Month(s) . Sentence imposed to be served Consecutive to count 3 . |
| | 22 | SPAC | Defendant has also Pled guilty to the additional charge in count 9-487(a) PC and is sentenced to the Department of Corrections and Rehabilitation for Middle term - 2  Year(s) . Sentence imposed to be served Concurrent with count 1 . |
| | 23 | SPAC | Defendant has also Pled guilty to the additional charge in count 10-487(a) PC and is sentenced to the Department of Corrections and Rehabilitation for Middle term - 2  Year(s) . Sentence imposed to be served Concurrent with count 1 . |
| | 24 | SPAC | Defendant has also Pled guilty to the additional charge in count 11-487(a) PC and is sentenced to the Department of Corrections and Rehabilitation for Middle term - 2  Year(s) . Sentence imposed to be served Concurrent with count 1 . |
| | 25 | SPAC | Defendant has also Pled guilty to the additional charge in count 17-19705(a) RT and is sentenced to the Department of Corrections and Rehabilitation for Middle term - 2  Year(s) . Sentence imposed to be served Concurrent with count 1 . |
| | 26 | SPAC | Defendant has also Pled guilty to the additional charge in count 18-19705(a) RT and is sentenced to the Department of Corrections and Rehabilitation for Middle term - 2  Year(s) . Sentence imposed to be served Concurrent with count 1 . |
| | 27 | SPAC | Defendant has also Pled guilty to the additional charge in count 19-19705(a) RT and is sentenced to the Department of Corrections and Rehabilitation for Middle term - 2  Year(s) . Sentence imposed to be served Concurrent with count 1 . |

---

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF VENTURA

# MINUTE ORDER

---

**Case Number   2011018895 F A**      <u>People Vs Carson, Desiree</u>   .

---

| | |
|---|---|
| **Name:** | **Carson, Desiree** . |
| **Case #:** | **2011018895  F  A** |
| **Case Status:** | Convicted |
| **Release Status:** | In custody California Department of Corrections (CDC) |
| **Charging Document:** | Complaint |

Court Room:  12      For:  01/09/13 11:00 AM

Atty Name:  Matt Bromund, ATTY

**Mand. App:**  Yes

**Bail Set Amt:**  $100,000.00      **Last Date for Trial:**  10/01/12

---

| Docket Dt | Seq | Code | Text |
|---|---|---|---|
| 01/09/2013 | 29 | SPTFT | Total fixed determinate term to be served in the Department of Corrections and Rehabilitation is 7 Year(s) 8 Month(s) . |
| | 30 | SPCTS | The defendant is entitled to credit for time served of - 1 days actual,  0 days 4019(b)(2)&(c)(2) PC,  0  days State Institution, for a total of 1 days (calculated at the rate of 2 days 4019 PC for every 6 days sentenced). |
| | 31 | SPDNA | You shall provide buccal swab samples,  DNA testing,  right thumb print and a full palm print of each hand at the request of the Department of Corrections and Rehabilitation, pursuant to Section 296(a)(1) of the Penal Code. |
| | 32 | SPRT | Pay  Restitution Fine of $3,000.00 pursuant to Section 1202.4(b) of the Penal Code and pursuant to Section 2085.5 of the Penal Code.  The Director of Corrections may deduct from the wages and trust account deposits of a prisoner unless prohibited by federal law. |
| | 33 | SPRT2 | You are to pay a Restitution Fine in the amount of  $3,000.00  .  Payment of the restitution amount is stayed pending successful completion of parole pursuant to Section 1202.45 of the Penal Code. |
| | 34 | SPRT5 | Pay restitution to Rick & Maribeth Quinn  in an amount to be determined by further order of the Court. |
| | 35 | SPRT5 | Pay restitution to Westlake Plaza Realty Inc.  in an amount to be determined by further order of the Court. |
| | 36 | SPRT5 | Pay restitution to Franchise Tax Board  in an amount to be determined by further order of the Court. |
| | 37 | SPRT3 | You are to pay restitution to Westlake Plaza Realty Inc. in the amount of $623,381.11 pursuant to Section 1202.4 of the Penal Code.  The Director of Corrections may deduct from the wages and trust account deposits of a prisoner unless prohibited by federal law. |
| | 38 | SPRT3 | You are to pay restitution to Westlake Plaza Realty Inc. in the amount of $114,458.23 pursuant to Section 1202.4 of the Penal Code.  The Director of Corrections may deduct from the wages and trust account deposits of a prisoner unless prohibited by federal law. |
| | 39 | SPRT3 | You are to pay restitution to Franchise Tax Board in the amount of $122,729.27 pursuant to Section 1202.4 of the Penal Code.  The Director of Corrections may deduct from the wages and trust account deposits of a prisoner unless prohibited by federal law. |
| | 40 | SPNCA | Do not contact Rick & Maribeth Quinn in person, by mail, by phone or in any other manner either directly or indirectly. |
| | 41 | SPFE | You are to pay a Penal Code 1202.5 fee of $40.00 . Fee is to be collected by state prison. |
| | 42 | DMR | The Court orders the remaining counts to be dismissed. |
| | 43 | ADAPL | The defendant has been advised of his/her right to appeal. |
| | 44 | ADPRL | The defendant has been advised of his/her parole rights. |

---

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF VENTURA**

# MINUTE ORDER

---

**Case Number   2011018895 F A**          <u>People Vs Carson, Desiree  .</u>

---

| | | | | |
|---|---|---|---|---|
| Name: | **Carson, Desiree  .** | | Court Room:  12 | For: 01/09/13 11:00 AM |
| Case #: | **2011018895  F  A** | | Atty Name:  Matt Bromund, ATTY | |
| Case Status: | Convicted | Mand. App:  Yes | | |
| Release Status: | In custody California Department of Corrections (CDC) | | | |
| Charging Document: | Complaint | Bail Set Amt:  $100,000.00 | | Last Date for Trial:  10/01/12 |

---

| Docket Dt | Seq | Code | Text |
|---|---|---|---|
| 01/09/2013 | 45 | BLBBE | Court orders bail bond exonerated.  If bail was forfeited prior to exoneration, transportation costs are ordered pursuant to PC 1306(b). |
| | 46 | SPTRANS | The defendant is remanded forthwith to the custody of the Sheriff.  The Sheriff is ordered to transport the defendant to the California Department of Corrections and Rehabilitation in Chowchilla . |

---

I have received a copy of these conditions. I understand and agree to each of the conditions listed above.

_____                         _____
Date                                                                    Defendant's Signature
(Fecha)                                                                (Firma)


_____                         _____
Defendant's Telephone #                                     Defendant's Address
(Telefono)                                                             (Domicilio)


_____                         _____
Explained/Translated By                                     Defendant's City, State and Zip Code
                                                                           (Ciudad, Estado, y Codigo Postal)

---

Report Date: 12/16/2014 11:17 AM

I hereby certify that the annexed instrument
is a true and correct version of the original as it
appeared in my court records as of

DEC 1 6 2014

MICHAEL D. PLANET
Executive Officer and Clerk

By: _____
Deputy Clerk



## ACKNOWLEDGEMENT

State of Connecticut        )

                            ) ss

County of Hartford          )

On March 13th 2015, before me, *Maritza M. Braithwaite*, notary public in and for Hartford County, State of Connecticut, personally appeared Nelson Valle, who proved to me on the basis of satisfactory evidence to be the party whose name is subscribed to the within instrument and acknowledges to me that Nelson Valle, set forth the contents hereof in authorized capacity, and that by signing the instrument Nelson Valle, hereby executes the instrument.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

**1.** I am a Plaintiff in this civil proceeding.

**2.** I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

**3.** I believe that this Motion is not interposed for any improper purpose, such as to harass the Defendants, cause unnecessary delay to the Defendants, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

**4.** I have filed this Motion in good faith and solely for the purposes set forth in it.

**5.** Each and every attachment I have provided to this Complaint is a true and correct copy of the original.

**6.** Except where clearly indicated, I have not altered, changed, modified or fabricated these attachments, except that some of the attached exhibits may contain some of my own handwritten notations.

I certify under penalty of perjury under 28 U.S.C. § 1746(2) and the laws of the State of Connecticut that the foregoing paragraph is true and correct.

_____

Witness my hand and official seal:

*Marilyn M. Braithwaite*                              **NOTARY PUBLIC SEAL**

**NOTARY PUBLIC SIGNATURE**

My commission expires _____ **2019**

My Commission Expires February 28, 2014

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was provided by US Mail to Jeffrey Knickerbocker, of BENDETT & MCHUGH, P.C., at 160 Farmington Ave, Farmington, CT 06032 this 13th day of April 2015.

_____

I certify that a copy of the foregoing was provided by US Mail to Shawn Stephan Smith at 185 Asylum Street Hartford, CT this 13th day of April 2015..

_____

**STATE OF CONNECTICUT**
**COUNTY OF HARTFORD**

BEFORE ME personally appeared Nelson Valle who, being fully sworn and identified in accordance with Connecticut Law, did execute the forgoing in my presence this 13th day of April 2015.

Notary Public

_Marilyn M Braithwaite_

My Commission Expires: _____

My Commission Expires February 28, 2019

PLAINTIFFS' MOTION FOR JUDICIAL NOTICE
- 10

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com